SIEWERT v SEARS, ROEBUCK AND COMPANY

Docket No. 104411. Submitted December 22, 1988, at Detroit. Decided January 30, 1989.

Esther Siewert brought a negligence action against Sears, Roebuck and Company in Macomb Circuit Court. Plaintiff alleged that she slipped and fell on the floor of defendant's Macomb Mall store after stepping on a liquid substance or a sheet of paper. After discovery and mediation had concluded, defendant moved for summary disposition, claiming that it would be impossible for plaintiff to establish a causal connection between her fall and any negligence on the part of defendant. Plaintiff moved to amend her complaint so as to allege that the fall was caused solely by the floor's slippery condition resulting from defendant's negligence with regard to the floor's maintenance. The trial court, Raymond R. Cashen, J., denied plaintiff's motion, granted defendant's motion and entered a judgment in favor of defendant. Plaintiff appealed.

The Court of Appeals *held:*

The trial court did not abuse its discretion in determining that justice did not require that plaintiff be allowed to amend her complaint in view of the undue delay in the filing of the motion to amend. Even if plaintiff was unaware at the time the complaint was filed that the facts concerning her slip and fall did not comport with the allegations in her complaint, she was certainly aware of the discrepancy at the time of her deposition, yet she did not file her motion to amend the complaint until after discovery and mediation concluded some five months after her deposition.

Affirmed.

PLEADING — AMENDMENT OF PLEADINGS — COURT RULES.

Generally, amendment of pleadings is liberally allowed; however, a trial court does not abuse its discretion in denying a motion to amend a pleading where the moving party has unduly delayed seeking the amendment (MCR 2.118[A]).

REFERENCES

Am Jur 2d, Pleading §§ 306 *et seq.*

See the Index to Annotations under Amendment of Pleadings.

*Litch, Gordon & Czechowski, P.C.* (by *Walter J. Czechowski*), for plaintiff.

*Kerr, Russell & Weber* (by *Daniel G. Beyer* and *Kenneth C. Harrison*), for defendant.

Before: MacKenzie, P.J., and Cynar and M. E. Kobza,* JJ.

Per Curiam. In this premises liability action, plaintiff appeals as of right from the Macomb Circuit Court's October 22, 1987, order by which it granted summary disposition in favor of defendant and denied plaintiff's motion to amend her complaint. Resolution of this appeal hinges upon whether the trial court abused its discretion in denying plaintiff's motion to amend.

Based on our review of the lower court file, we note that plaintiff filed her complaint on November 10, 1986, alleging that she slipped in defendant's Macomb Mall store in Roseville as the result of defendant's negligence in allowing a liquid substance or a sheet of paper to remain on the floor. Defendant answered, reserving defenses.

According to the December 17, 1986, notice in lieu of pretrial conference, discovery was to be completed within 180 days, i.e., by mid-June, 1987.

Defendant claims and plaintiff does not deny that plaintiff's deposition was taken in March, 1987. At the deposition,[1] plaintiff testified that she did not recall the floor being wet; although a piece of paper was pointed out to plaintiff by a witness, plaintiff did not believe she slipped on a piece of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The full deposition transcript was apparently never filed in the lower court nor was the transcript forwarded for this Court's review. Only four pages of the transcript were appended to defendant's motion for summary disposition below.

paper and did not recall seeing anything on the floor when she fell. Plaintiff indicated that she believed she fell for no reason other than that the floor was slippery.

Defendant filed its motion for summary disposition pursuant to MCR 2.116(C)(10) on August 19, 1987, on the ground that plaintiff could demonstrate no causal connection between her fall and any negligence on the part of defendant in maintaining its premises because any such connection was at best speculative, citing *Stefan v White*, 76 Mich App 654; 257 NW2d 206 (1977). On August 24, 1987, plaintiff moved to amend her complaint to aver that plaintiff's fall was caused by a floor that was slippery "as if it had been recently waxed." Plaintiff's proposed first-amended complaint alleged that defendant breached its duty of care with regard to the floor by: (a) allowing cleaner residue to remain on the floor by not cleaning the floor properly; (b) failing to buff the floor properly so as to increase friction; (c) failing to instruct its employees concerning proper cleaning and buffing procedures; (d) failing to maintain the premises in such a way as to control or to prevent falls, potentially dangerous or hazardous conditions; and (e) failing to erect barricades or signs notifying patrons of slippery floor conditions.

The trial court heard both parties' motions on August 31, 1987. At the hearing, at which both parties were represented, defendant stated (and plaintiff did not deny) that mediation had already been held. The trial court denied plaintiff's motion to amend, stating that plaintiff was attempting to come "in with a whole new theory" after mediation had taken place. Defendant's motion for summary disposition was taken under advisement pending the trial court's review of plaintiff's deposition.

In its October 6, 1987, opinion, the trial court stated:

> Plaintiff has not come forward with evidentiary proof that a genuine issue of material fact exists. Instead, plaintiff requests leave to amend her complaint to conform with her deposition testimony. The Court previously denied plaintiff's motion to amend and can see no reason for changing its position. Discovery and mediation have been closed. The requested amendment was certainly available and known to plaintiff at the time this action was commenced and plaintiff gives no reason why the newly asserted cause of her fall was not included in the original complaint.
>
> For the foregoing reasons, the Court finds that defendant's motion for summary disposition pursuant to MCR 2.116(C)(10) should be and the same is hereby granted.

Even if plaintiff was somehow unaware that the facts concerning her slip and fall did not comport with the allegations in her complaint at the time the complaint was filed, she was certainly aware of the discrepancy at the time of the deposition, yet no motion to amend was filed in the intervening five months during which discovery was completed and mediation held. While the trial court did not use the phrase "undue delay" in denying plaintiff's motion, its findings were specific and its meaning clear. We find no abuse of the trial court's discretion in determining that justice did not require allowing plaintiff to amend her complaint under MCR 2.118(A)(2). *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649, 656-659; 213 NW2d 134 (1973); *Vitale v Lentine,* 137 Mich App 249, 252; 358 NW2d 2 (1984).

Affirmed.