■ TINA MOTT et al., Respondents, v BIG V SUPERMARKETS, INC., Doing Business as SHOP-RITE, Appellant.—Mercure, J. Appeal from an order of the Supreme Court (Torraca, J.), entered March 2, 1992 in Sullivan County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiffs commenced this action to recover for injuries suffered by plaintiff Tina Mott (hereinafter plaintiff) when she slipped and fell in defendant's grocery store. Following discovery, defendant moved for summary judgment dismissing the complaint upon the ground that plaintiff could not identify the object or substance that caused her to fall. Supreme Court denied the motion and defendant now appeals.

We affirm. The evidence submitted on the motion establishes that a clear glass bottle of seltzer fell and broke at the front of the store's soda aisle, a condition which plaintiff reported to defendant. Later, desiring to enter the soda aisle, plaintiff walked around the spilled liquid and in so doing slipped and fell. Although plaintiff could not positively identify the object or substance which caused her to fall, she was not required to demonstrate the precise manner in which the accident occurred (see, Burlingame v Hefti, 181 AD2d 986; Kahn v Gates Constr. Corp., 103 AD2d 438, 445; Gramm v State of New York, 28 AD2d 787, affd 21 NY2d 1025). In our view, the proximity of the accident to the broken bottle and plaintiff's statement that she slipped on what felt to her like a piece of glass give rise to a reasonable inference that plaintiff slipped on a piece of the broken bottle. We find, therefore, that plaintiffs have presented a triable issue of fact regarding how the accident occurred sufficient to defeat defendant's motion.

Yesawich Jr., J. P., Levine, Mahoney and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.