**James C. HOEBERLING, Plaintiff,**

v.

**Charles T. NOLAN, Defendant.**

**No. 98–72059.**

United States District Court,
E.D. Michigan,
Southern Division.

May 19, 1999.

David M. Black, Southfield, MI, for plaintiff.

George W. Burnard, Troy, MI, for defendant.

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

ROSEN, District Judge.

### I. INTRODUCTION

This case under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., is presently before the Court on a Motion for Summary Judgment filed by Defendant, Charles T. Nolan, on January 29, 1999. Plaintiff, James C. Hoeberling, a former participant in the now defunct Nolan and Hoeberling Employees' Profit Sharing Plan, seeks monetary damages in his individual capacity for Defendant's alleged breach of fiduciary duties owed to Plan participants under 29 U.S.C. § 1104. In the instant motion, Defendant argues, *inter alia*, that Plaintiff has failed to state a claim for which relief may be granted because ERISA does not authorize breach of fiduciary duty claims for monetary damages by participants suing in their individual capacity.

The Court held a hearing on Defendant's Motion on April 15, 1999. Having heard the oral arguments of counsel, and having reviewed the briefs and supporting documents submitted by the parties, the

Court is now prepared to rule on Defendant's motion. This Opinion and Order sets forth the Court's ruling.

## II. *FACTUAL AND PROCEDURAL BACKGROUND*

Plaintiff and Defendant in this action are both attorneys and former partners in a professional corporation known as Nolan and Hoeberling, P.C. Sometime around April 1973, the professional corporation adopted the Nolan and Hoeberling Employees' Profit Sharing Plan and Trust Agreement ("the Plan"), which was subsequently amended to qualify under ERISA. It is undisputed that Defendant served as a fiduciary of the Plan pursuant to 29 U.S.C. § 1002(21)(A).[1]

In 1984, Plaintiff withdrew from Nolan and Hoeberling, P.C. Following Plaintiff's withdrawal, litigation ensued between the parties, resulting in a June 1, 1987 arbitration award which provided, "Those persons having vested interests in the pension and profit sharing plans will receive their accounts, all distribution to be in accordance with applicable Federal and State laws governing pension and profit sharing plans." After an extremely lengthy dispute, Defendant distributed to Plaintiff his vested account balance in two lump-sum payments: (1) $258,237.48 in February of 1996 and (2) $6,753.34 in May of 1996. It is undisputed that prior to the 1996 lump-sum payments, Plaintiff Hoeberling was a Plan participant and beneficiary of the trust. On January 23, 1997, Defendant filed Internal Revenue Service Form 5500–C/R and the Plan ceased to exist.

Along with the lump-sum payments, Defendant provided Plaintiff with an accounting of Plan investment activities as required by ERISA. Plaintiff contends that upon receiving the accounting, he learned for the first time that Defendant had invested 100% of Plaintiff's funds in a low paying certificate of deposit at a local bank.[2] Upon gaining this knowledge, Plaintiff sought relief in arbitration, claiming Defendant breached fiduciary duties under ERISA. On March 30, 1998, the arbitrator dismissed Plaintiff's ERISA claims, which were not properly part of the law firm dissolution claim, for lack of jurisdiction.

Plaintiff responded by initiating the instant case on May 19, 1998, alleging that Defendant breached fiduciary duties owed to Plan participants under ERISA by: (1) failing to act solely in the exclusive interest of Plan participants and beneficiaries as required by 29 U.S.C. § 1104(a)(1); (2) failing to invest plan assets in accordance with the "prudent man" standard, 29 U.S.C. § 1104(a)(1)(B); and (3) failing to diversify plan assets, 29 U.S.C. § 1104(a)(1)(C). [Complaint, ¶ 27]. Plaintiff further alleged that "Defendant is personally liable to Plaintiff under 29 U.S.C. § 1109(a) in such amounts exceeding $75,000 exclusive of interest and costs for all losses and profits which should have been made through proper performance of Nolan's fiduciary duties." [Complaint, ¶ 30].

On June 12, 1998, Defendant filed a Motion to Dismiss, arguing that because Plaintiff had accepted the balance of his account in 1996, he no longer had standing to pursue his breach of fiduciary duty claims as a "participant" of the Plan, as that term is defined by ERISA.[3] In an

---

**1.** Defendant contends that Plaintiff served as a co-fiduciary of the Plan throughout the entire time of its existence, and that Plaintiff was well aware of the investment activities of the Plan. In response, Plaintiff asserts that at all times relevant hereto, Defendant maintained *de facto* control over the Plan to the complete exclusion of Plaintiff.

**2.** Defendant contends that Plaintiff, as a co-fiduciary of the Plan, opened and transferred funds into the accounts about which he now

complains. In response, Plaintiff argues that following his withdrawal in 1984 from the professional corporation, Defendant maintained de-facto control over the Plan and refused to provide information with respect to the Plan's investment activities until the 1996 accounting.

**3.** Defendant's original Motion to Dismiss did not raise the issue of whether ERISA authorizes breach of fiduciary duty claims for mon-

Opinion and Order dated October 19, 1998, the Court denied Defendant's Motion to Dismiss on the grounds that relevant Sixth Circuit law instructed that an individual should not forfeit standing as a participant if misconduct or malfeasance by a plan fiduciary contributes to an individual's decision to terminate his rights under a plan, or if a plan fiduciary has unilaterally terminated an individual's interest in a plan without the individual's explicit or tacit consent.[4]

Following discovery, Defendant filed the instant Motion for Summary Judgment, which seeks dismissal of Plaintiff's case on the following four grounds: (1) a renewed argument that Defendant lacks standing as a participant of the Plan; (2) that Plaintiff's Complaint fails to state a claim for which relief may be granted because ERISA does not authorize breach of fiduciary duty claims for monetary damages by participants suing in their individual capacity; (3) that any breach of fiduciary duty claim is barred by the applicable statute of limitations; and (4) that as a co-trustee of the Plan, Plaintiff should not be allowed to profit from his own breaches of duty and negligence. Because the Court finds Plaintiff's second argument dispositive of the present case, the following analysis focuses on the issue of whether ERISA authorizes breach of fiduciary duty claims for monetary damages by participants suing in their individual capacity.

## III. *ANALYSIS*

### A. *Legal Standards Applicable to the Instant Motion*

Although Defendant captions the instant motion as a Motion for Summary Judg-

ment, his argument with respect to the availability of monetary damages actually calls into question whether Plaintiff has stated a claim for which relief may be granted. Accordingly, the Court will analyze Defendant's argument under the standards appropriate for motions under Fed. R.Civ.P. 12(b)(6).

In considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the Court must accept the well-pleaded factual allegations set forth in the plaintiff's complaint as true. *See, Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987) (citing *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)); *Westlake v. Lucas,* 537 F.2d 857, 858 (6th Cir.1976). However, the Court need not accept as true legal conclusions or unwarranted factual inferences. *See, Morgan, supra; Westlake, supra. See also, Blackburn v. Fisk University,* 443 F.2d 121, 124 (6th Cir.1971) (the court is "required to accept only well-pleaded facts as true, not the legal conclusions that may be alleged or that may be drawn from the pleaded facts.")

### B. *ERISA Does Not Authorize Breach of Fiduciary Duty Claims for Monetary Damages by Participants Suing in their Individual Capacity*

ERISA sets forth the persons empowered to bring a civil action at 29 U.S.C. § 1132(a), which provides in pertinent part:

(a) **Persons empowered to bring a civil action**

a plan, or to clarify rights to future benefits under the terms of a plan. As discussed in detail below, certain types of fiduciary duty claims are authorized under both § 1132(a)(2) and § 1132(a)(3). Despite the erroneous reference to § 1132(a)(1), the Court finds that the standing analysis contained in its October 19, 1998 decision applies with equal weight to actions brought under §§ 1132(a)(2) and (a)(3).

---

etary damages by participants suing in their individual capacity.

4. The October 19, 1998 Opinion and Order denying Defendant's Motion to Dismiss mistakenly referred to Plaintiff's standing to pursue his breach of fiduciary duties claims under 29 U.S.C. § 1132(a)(1). [Opinion and Order, p. 13]. In actuality, § 1132(a)(1) does not authorize fiduciary duty claims, but rather suits to recover benefits due under the terms of a plan, to enforce rights under the terms of

A civil action may be brought—

(1) by a participant or beneficiary—

  *   *   *   *   *   *

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

(2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

In the present case, Plaintiff's breach of fiduciary duty claims would seem to fall squarely within the parameters of § 1132(a)(2), as an action by a Plan participant for appropriate relief under 29 U.S.C. § 1109, which provides:

Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary. A fiduciary may also be removed for a violation of section 1111 of this title.

29 U.S.C. § 1109(a). Defendant correctly points out, however, that a plan participant may not sue in his individual capacity under § 1109, which provides that a fiduciary "shall be personally liable *to make good to such plan* any losses to the plan resulting from each such breach." (emphasis added). *See, Massachusetts Mutual Life Insurance Co. v. Russell,* 473 U.S. 134, 140, 105 S.Ct. 3085, 3089, 87 L.Ed.2d 96 (1985) (holding that recovery for a violation of § 1109 inures to the benefit of the plan as a whole, precluding suits by participants in their individual capacity).

Recognizing this principle, Plaintiff now argues that he can recover damages in his individual capacity for Defendant's alleged breach of fiduciary duties under the "other equitable relief" language of § 1132(a)(3)(B)(i). While such an argument would seem to deviate from the plain language of ERISA, the Supreme Court has expressly held that § 1132(a)(3) is "broad enough to cover individual relief for breach of a fiduciary obligation." *Varity Corp. v. Howe,* 516 U.S. 489, 116 S.Ct. 1065, 134 L.Ed.2d 130, (1996); *See also, Allinder v. Inter–City Products Corporation (USA),* 152 F.3d 544, 551 (6th Cir. 1998) (finding that "individual plan participants can now bring suit under § 1132(a)(3) in their individual capacity").[5] The question of whether a participant can bring suit for breach of fiduciary duties under § 1132(a)(3), however, is separate and distinct from the question of the form of relief available under that section.

Over the past decade, both the Supreme Court and the Sixth Circuit have thoroughly examined the question of whether a plan participant suing in an individual capacity may recover monetary damages as "other equitable relief" under § 1132(a)(3). A review of these cases reveals that while earlier decisions support Plaintiff's argument, more recent cases preclude an award of monetary damages.

The inquiry begins with *Warren v. Society National Bank,* 905 F.2d 975 (6th Cir.

---

**5.** Plaintiff's reliance on *Varity, supra,* for the proposition that a individual plan participant may recover damages under § 1132(a)(3) is misplaced. The plaintiffs in *Variety* were actually seeking a classic equitable remedy, reinstatement to a plan.

1990), in which the Sixth Circuit interpreted the term "other equitable relief" broadly in a breach of fiduciary duty case to encompass monetary damages. Plaintiff in *Warren*, a participant in two ERISA qualified pension plans, filed suit in his individual capacity under § 1132(a)(3), alleging that the bank trustee of his plans breached fiduciary duties by failing to distribute plan assets in accordance with his directions. The plaintiff sought monetary damages for the resulting tax and tax interest liability and loss of investment earnings. Defendant trustee filed a motion to dismiss, which the district court granted, finding that the term "other equitable relief" as used in § 1132(a)(3) is limited to injunctive or declaratory relief.

On appeal, the Sixth Circuit reversed, concluding that damages may be appropriate under traditional trust principles if necessary to place the beneficiary "in the position he would have been in if the fiduciary had not committed a breach of trust."[6] *Warren*, 905 F.2d at 981. In reaching this decision, the Sixth Circuit relied heavily on Justice Brennan's concurring opinion in *Russell, supra*:

> Justice Brennan stated that section 502(a)(3) provides for an award of 'appropriate equitable relief' for acts or practices that violate any provision of ERISA or the terms of a retirement plan. *Id.* at 153, 105 S.Ct. at 3096. Therefore, a beneficiary may obtain 'appropriate equitable relief' whenever an administrator breaches the fiduciary duties set forth in section 404(a). Finding that 'Congress intended by § 404(a) to incorporate the fiduciary standards of trust law into ERISA,' he would apply in ERISA cases 'black-letter trust law that fiduciaries owe strict duties running directly to beneficiaries in the administration and payment of trust benefits.' *Id.* at 152–53, 105 S.Ct. at 3095–96 (footnote omitted). Under the law of trusts, "a beneficiary [is] entitled to a remedy

'which will put him in the position in which he would have been if the trustee had not committed the breach of trust.' " *Id.* at 157 n. 16, 106 S.Ct. at 3098 n. 16 (quoting Restatement (Second) of Trusts § 205, and Comment a (1959)). Therefore, construing sections 404(a) and 502(a)(3) together, a beneficiary may obtain "appropriate equitable relief" for breach of fiduciary duties, and such equitable remedies "include provision of monetary damages." *Id.* at 154 n. 10, 105 S.Ct. at 3096 n. 10.

*Warren*, 905 F.2d at 979.

Subsequent cases, however, have resoundingly rejected the logic of the *Warren* decision. In *Mertens v. Hewitt Assoc.*, 508 U.S. 248, 113 S.Ct. 2063, 124 L.Ed.2d 161, (1993), a group of former retirement plan participants brought suit against the plan's actuary seeking monetary damages under § 1132(a)(3). After first noting that "[m]oney damages are, of course, the classic form of legal relief," *Id.* at 255, 113 S.Ct. at 2068, the Supreme Court held that "other equitable relief" as used in § 1132(a)(3) does not encompass monetary damages. *Id.* at 259, 113 S.Ct. at 2070. In reaching this decision, the Supreme Court reasoned as follows:

> Since *all* relief available for breach of trust could be obtained from a court of equity, limiting the sort of relief obtainable under § 502(a)(3) to 'equitable relief' in the sense of 'whatever relief a common-law court of equity could provide in such a case' would limit the relief *not at all*. We will not read the statute to render the modifier superfluous. Regarding 'equitable' relief in § 502(a)(3) to mean 'all relief available for breach of trust at common law' would also require us either to give the term a different meaning there than it bears elsewhere in ERISA, or to deprive of all meaning the distinction Congress drew between 'equitable' and 'remedial' relief in § 409(a), and between 'equitable' and 'le-

---

6. The Sixth Circuit distinguished earlier cases barring damages claims under § 1132(a)(3)(B) as involving claims for punitive damages or emotional distress.

gal' relief in the very same section of ERISA, see 29 U.S.C. § 1132(g)(2)(E); in the same subchapter of ERISA, see § 1024(a)(5)(C); and in the ERISA subchapter dealing with the PBGC, see §§ 1303(e)(1), 1451(a)(1). Neither option is acceptable. The authority of courts to develop a 'federal common law' under ERISA is not the authority to revise the text of the statute.

*Id.* at 258–259, 113 S.Ct. at 2069–2070 (internal citations and footnotes omitted) (emphasis in original).

Subsequent to the Supreme Court's decision in *Mertens,* the Sixth Circuit impliedly discredited *Warren* in *Allinder, supra.* Analogous to the Plaintiff in the present case, the plaintiff in *Allinder* sought compensatory damages under § 1132(a)(3) for, *inter alia,* a plan administrator's alleged breach of § 1104(a)(1) fiduciary duties. Relying on *Mertens,* the Sixth Circuit expressly rejected the Plaintiff's claim that "other equitable relief" includes monetary damages.

> Allinder asserts that compensatory damages fall within the term 'equitable relief' because such relief traditionally has been allowed in courts of equity where the claim involves a breach of trust. For support Allinder relies upon Justice Brennan's concurring opinion in *Massachusetts Mut. Life Ins. Co. v. Russell,* where he noted that "while a given form of monetary relief may be unavailable under ERISA [when it would significantly conflict with some other aspect of the statutory scheme,] it cannot be withheld simply because a beneficiary's remedies under ERISA are denominated

'equitable.'" 473 U.S. at 154 n. 10, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985). Whatever persuasiveness Justice Brennan's opinion may once have had on this question, it has since been squarely rejected by the Supreme Court's decision in *Mertens v. Hewitt Assoc.,* 508 U.S. 248, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993). *Mertens* specifically held that § 1132(a)(3)'s reference to 'equitable relief' was limited to the "remedy traditionally viewed as 'equitable,' such as injunction or restitution." *Id.* at 255, 113 S.Ct. 2063. Because money damages are "the classic form of legal relief," § 1132(a)(3) does not authorize suits for compensatory, much less punitive, damages. *Id.*

> Accordingly, although Allinder may bring a claim for breach of fiduciary duty in her individual capacity, we nonetheless hold that the district court properly dismissed Allinder's action because the form of remedy sought is not available to her as a matter of law.

*Allinder,* 152 F.3d at 552.[7]

Returning to the present case, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted. As noted above, Plaintiff brings suit in his individual capacity seeking monetary damages as "other equitable relief" under 29 U.S.C. § 1132(a)(3)(B)(i) for Defendant's alleged breach of fiduciary duties. Binding Supreme Court and Sixth Circuit precedent preclude an award of monetary damages under this section. Accordingly, Defendant is entitled to the dismissal of Plaintiff's claims as a matter of law.[8]

---

**7.** Plaintiff creatively, but unsuccessfully, attempts to distinguish *Mertens* and *Allinder* on the grounds that *Mertens* involved a suit for monetary damages against a non-fiduciary and that the plaintiff in *Allinder* was seeking "extra-contractual" compensatory and punitive damages. In reaching their respective decisions, however, neither the Supreme Court nor the Sixth Circuit relied on the distinctions cited by Plaintiff. In point of fact, each decision clearly provides that the term "equitable relief" as used in § 1132(a)(3) does not include monetary damages of any type,

and this Court is not in a position to create an exception that does not exist under current law.

**8.** On May 7, 1999, Plaintiff filed a Supplemental Brief in Response to Defendant's Motion for Summary Judgment, arguing that the Sixth Circuit's April 1, 1999 decision in *Krohn v. Huron Memorial Hospital,* 173 F.3d 542 (6th Cir.1999), stands for the proposition that in some circumstances an individual plan participant may recover damages in an individual capacity for breaches of fiduciary duty.

## IV. CONCLUSION

For all of the aforementioned reasons:

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment is GRANTED.

IT IS FURTHER ORDERED that this case be dismissed, in its entirety, with prejudice.

Plaintiff fails to recognize the crucial distinction, however, that the plaintiff in *Krohn* was suing to restore eligibility and recover benefits due under the terms of the Hospital's long-term disability plan. More specifically, the plaintiff in *Krohn* argued that the Hospital's failure to comply with ERISA imposed fiduciary duties resulted in the plaintiff's failure to timely apply for long-term disability benefits, and that under such circumstances a participant should not forfeit the right to benefits. The Sixth Circuit agreed, finding that Plaintiff was entitled to long-term disability benefits. *Krohn*, 173 F.3d at 552. In direct contrast to *Krohn*, the present case does not involve a suit to recover benefits due under the terms of a plan, but rather an action by an individual plan participant under § 1132(a)(3) to recover monetary damages for Defendant's alleged breach of fiduciary duties. Both the Supreme Court and the Sixth Circuit have clearly and unambiguously held that monetary damages for breaches of fiduciary duties are not available under § 1132(a)(3).