**Elizabeth VELLA Plaintiff,**

v.

**HYATT CORPORATION, Defendant.**

**No. 00–75604.**

United States District Court,
E.D. Michigan,
Eastern Division.

Oct. 4, 2001.

1194

---

### *MEMORANDUM AND ORDER*

HOOD, District Judge.

## I. FACTS

Plaintiff, Elizabeth Vella, and her daughter and son-in-law went to the Hyatt Regency in Dearborn for dessert for Plaintiff's 84th birthday. Because of her difficulty in walking, Plaintiff held on to her daughter's arm as they walked across the lobby toward the elevator to go to a restaurant upstairs. Two or three steps into the elevator, Plaintiff slipped, fell, and fractured her left hip. Plaintiff has testified at her deposition that she does not know what made her fall, and neither Plaintiff's daughter nor her son-in-law saw the accident happen. Plaintiff has testified, however, that whatever made her fall was "slippery, very slippery."

Plaintiff's daughter helped her up after the fall. The daughter testified during her deposition that she did not inspect the floor after her mother fell. She also stated that she did not notice anything on her mother's clothes, though Plaintiff alleges that her stockings felt wet. Shortly after the fall, hotel employees arrived to assist Plaintiff and inspect the scene. The employees found no substance on the ground near where Plaintiff slipped and fell.

Plaintiff filed a lawsuit in Michigan state court on October 23, 2000, alleging negligent construction and negligent maintenance of premises. Defendant removed to federal court based on diversity of citizenship and moved for summary judgment under FED. R. CIV. P. 56. Plaintiff's brief in response to Defendant's motion for summary judgment reveals that her theory of liability is that the floor was slippery because Defendant negligently waxed the marble or granite floor inside the elevator, which she alleges already had a low coefficient of friction. For the reasons stated below, Defendant's motion is denied.

## II. STANDARD OF REVIEW

Summary judgment is appropriate if "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Wojcik v. City of Romulus,* 257 F.3d 600, 608 (6th Cir.2001); *Nelson v. City of Flint,* 136 F.Supp.2d 703, 712 (E.D.Mich.2001). The movant must meet the initial burden of showing "the absence of a genuine issue of material fact" as to an essential element of the non-movant's case. *See Betkerur v. Aultman Hospital Association,* 78 F.3d 1079, 1087 (6th Cir.1996); *Nelson,* 136 F.Supp.2d at 712. Once a properly supported summary judgment motion has been filed, however, the burden shifts to the party opposing the

motion to "set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).

The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In deciding a motion for summary judgment a court must view the facts in the light most favorable to the nonmoving party. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The non-movant must do more than simply show that there is some metaphysical doubt as to the material facts. *Matsushita,* 475 U.S. at 586, 106 S.Ct. 1348; *Celotex,* 477 U.S. at 323–24, 106 S.Ct. 2548; *Nelson,* 136 F.Supp.2d at 712. Moreover, the court need not accept as true legal conclusions or unwarranted factual inferences. *Varljen v. Cleveland Gear Co., Inc.,* 250 F.3d 426, 429 (6th Cir.2001); *Hoeberling v. Nolan,* 49 F.Supp.2d 575, 577 (E.D.Mich.1999).

For a dismissal to be proper, it must appear beyond doubt "that the plaintiff would not be able to recover under any set of facts that could be presented consistent with the allegations of the complaint." *Varljen,* 250 F.3d at 429. Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See Celotex,* 477 U.S. at 322–23, 106 S.Ct. 2548. In such a situation, there can be "no genuine issue as to any material fact,"

since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Id.* A court must look to the substantive law to identify which facts are material. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505.

## III. ANALYSIS

 Generally, a federal court sitting in diversity applies the substantive law of the forum state. *See City of Wyandotte v. Consolidated Rail Corp.,* 262 F.3d 581 (6th Cir.2001). Michigan tort law will apply in this case. To prevail on a negligence claim, a plaintiff must show: (1) that the defendant owed a legal duty to the plaintiff; (2) that the defendant breached or violated the legal duty owed to the plaintiff; (3) that the defendant's breach of duty was a proximate cause of the damages suffered by the plaintiff; and (4) that the plaintiff suffered damages. *Riddle v. McLouth Steel Products Corp.,* 440 Mich. 85, 485 N.W.2d 676, 681 (1992); *see also Babula v. Robertson,* 212 Mich.App. 45, 536 N.W.2d 834, 837 (1995).

Plaintiff asserts that she fell because the floor was slippery. She claims that the floor was slippery because it was made from marble or granite with a low coefficient of friction that had been "highly polished or glossed." Plaintiff's deposition testimony also seems to indicate that she feels that she fell because the floor was wet. Before entertaining Plaintiff's theory, this court must determine what duty, if any, Defendant owed Plaintiff.

### A. Duty

██ The duty a premises owner owes an individual on his property depends on the individual's status, which comes in one of three types: trespasser, licensee, and invitee. Plaintiff contends that she was an invitee at the time of the incident. Defendant seems to argue that Plaintiff was something less than an invitee, possibly a licensee. *See* Def.'s B. at 9 ("Even if Plaintiff is deemed an invitee in this case, . . .").

██ A trespasser is an individual who enters upon another's land, without the landowner's consent. The landowner owes no duty to the trespasser except to refrain from injuring him by "wilful and wanton" misconduct. *James v. Alberts,* 464 Mich. 12, 626 N.W.2d 158, 162 (2001); *see also Stitt v. Holland Abundant Life Fellowship,* 462 Mich. 591, 614 N.W.2d 88, 91 (2000).

██ A licensee enters another's land with the possessor's consent. *James,* 626 N.W.2d at 158. The landowner owes a licensee a duty to warn of any hidden dangers the owner knows or has reason to know of, but only to the extent the licensee does not know or have reason to know of the dangers involved. *Id.* The landowner does not, however, owe a duty of inspection or affirmative care to make the premises safe for the licensee. *Id.*

██ An invitee is a person who enters upon the land of another upon an invitation. Generally, a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land. *See Lugo v. Ameritech,* 464 Mich. 512, 629 N.W.2d 384, 386 (2001). "The owner's reason for inviting persons onto the premises is the primary consideration when determining the visitor's status: In order to establish invitee status, a plaintiff must show that the premises were held open for a *commercial* purpose." *Stitt,* 614 N.W.2d at 95 (emphasis in original).

██ The landowner must not only warn an invitee of any known dangers, but must also make the premises safe. *James,* 626 N.W.2d at 158. The landowner has a duty to inspect the premises and, depend-

ing upon the circumstances, make any necessary repairs or warn of any discovered hazards. *Id.* A premises possessor is not required, however, to protect an invitee from an open and obvious danger unless special aspects of a condition make even an open and obvious risk unreasonably dangerous. *Lugo*, 629 N.W.2d at 386. Under such circumstances, the premises possessor must undertake reasonable precautions to protect invitees from that risk. *Id.*

The facts in this case indicate that Plaintiff was going to the Hyatt Regency to have dessert at a restaurant in the Hyatt which was open to the public. Defendant held open its business for commercial purposes, and Plaintiff visited the premises for that reason. Vella, therefore, was an invitee entitled to the highest standard of care.

## B. Open and Obvious

Defendant argues that Plaintiff is unable to demonstrate that a dangerous condition existed, but that if one did exist, it was "open and obvious." As previously stated, a premises possessor is not required to protect an invitee from an open and obvious danger unless special aspects of a condition make even an open and obvious risk unreasonably dangerous. *Lugo*, 629 N.W.2d at 386. This court is required, as a threshold matter, to decide this issue. *Glittenberg v. Doughboy Recreational Indus.*, 441 Mich. 379, 491 N.W.2d 208, 217 (1992).

When risks or dangers are so obvious that an invitee might reasonably be expected to discover them, a premises owner owes no duty to the invitee unless the premises owner should anticipate the harm despite knowledge of it by the invitee. *Lugo*, 629 N.W.2d at 386. If reasonable minds could differ with respect to whether the danger is open and obvious, the obviousness of risk must be determined by the jury. *Glittenberg*, 491

N.W.2d at 217. Otherwise, the court determines the question as a matter of law. *Id.*

When determining whether a risk is open and obvious, "the question is whether the *condition of the premises* at issue was open and obvious and, if so, whether there were special aspects of the situation that nevertheless made it unreasonably dangerous." *Lugo*, 629 N.W.2d at 390 (emphasis in original). In this regard, courts are to "focus on the objective nature of the condition of the premises at issue, not on the subjective degree of care used by the plaintiff." *Id.* If "special aspects" of the condition of the premises leave the premises in an unreasonably safe condition, the "open and obvious" doctrine will not shield the defendant from liability. *Id.*

Here, Plaintiff alleges that she slipped on a highly polished or glossed floor. Defendant argues that the slippery condition must have been open and obvious to her. While the fact that the floor was "glossy" or "highly polished" may have been open and obvious, it does not necessarily follow that it was obvious that floor was also "slippery." Hotels and department stores often polish their floors to a gloss to increase the aesthetic appeal of their establishments. While some customers might stop and check to see if a glossy or polished floor is slippery and/or wet before walking on it, it is also entirely reasonable for a customer not to do so. Because reasonable minds might disagree as to whether the risk of a slippery floor is obvious in light of its glossy appearance, this is a fact question for the jury.

Even if the court were to determine that the risk of slipping was open and obvious, the condition of the floor nonetheless creates an unreasonable risk of harm. As Plaintiff points out, invitees must stand on the slippery floors of the elevator cabs to gain access to the second floor. Reason-

able minds may disagree as to whether this "special aspect" of the premises is sufficient to prevail in imposing liability upon Defendant in this case. *See Lugo*, 629 N.W.2d at 387 (giving as an example of a "special aspect" leaving a premises unreasonably dangerous a commercial building with only one exit for the general public where the floor is covered with water). Summary judgment is inappropriate on this ground.

## C. Causation

■ Defendant also argues that Plaintiff cannot establish a causal connection between any negligence on Defendant's part and Plaintiff's fall. "The fact that she fell alone," argues Defendant, "is not enough to support a cause of action under premises liability theory." Def.'s B. at 6. For support of this proposition, Defendant points to *Stefan v. White*, 76 Mich.App. 654, 257 N.W.2d 206 (1977), and *Siewert v. Sears, Roebuck & Co.*, 177 Mich.App. 221, 441 N.W.2d 9 (1989). While correct in its proposition, Defendant misses the mark in several respects.

Plaintiff admits that she does not know how she fell or what made her fall. P. Vella dep., p. 22. She does state, however, that "[i]t was slippery, very slippery whatever it was." *Id.* She further states that, after she fell, she noticed that the floor "felt kind of funny," that her stockings "seemed like kind of soaked," and that the floor was wet "because it made a funny noise." *Id.* at 22–23, 441 N.W.2d 9. Plaintiff further recalls being told by her daughter in one of the conversations they had subsequent to the accident that whatever was on the floor was "slushy, very slushy." *Id.* at 30, 441 N.W.2d 9.

It is apparent from these statements that Plaintiff's theory is that she fell because the floor was wet and slippery. What her deposition testimony indicates is not that she is uncertain of the cause of her fall, but that she is not exactly sure of what the substance on which she slipped was. Viewing the facts in a light most favorable to Plaintiff, it is entirely possible that she slipped on wax residue. This would account for both the "wet" and "slippery" characterizations in Plaintiff's deposition testimony and responsive brief. In any event, it is not necessary for her to determine the exact nature of the substance that caused her to slip. It is sufficient to survive summary judgment that she establishes a causal connection between the slippery substance and her fall. *See, e.g., Johnston v. Miamisburg Animal Hosp. Inc.*, 2001 WL 991733 (Ohio Ct.App. Aug.31, 2001) (holding that a plaintiff need not state with specificity the exact substance causing her to slip and fall); *Davis v. Piedmont Hosp. Inc.*, 222 Ga.App. 97, 473 S.E.2d 531, 532 (1996) (same); *Mott v. Big v. Supermarkets Inc.*, 188 A.D.2d 870, 591 N.Y.S.2d 581, 581 (N.Y.App.Div.1992) (same); *Labrie v. McDonald's*, 1991 WL 95269 (Ohio Ct.App. May 28, 1991) (same).

Defendant's reliance on *Stefan* and *Siewert* is misplaced. *Stefan* involved a plaintiff who slipped and fell at her sister-in-law's house. In her complaint, Stefan claimed that, as she was leaving defendant's home, her left heel got caught on a metal strip on the door sill at the door or surface and tripped and fell, causing her severe and substantial injury. *See Stefan*, 76 Mich.App. at 656, 257 N.W.2d 206. Plaintiff contradicted herself during her deposition, however, and testified that she did not know how or why she fell.

Plaintiff's deposition testimony in *Stefan* demonstrated that she had *no* knowledge of the actual cause of her fall. Plaintiff in that case neither felt herself slip nor trip. Indeed, she admitted that she did not trip over anything; she just fell for no apparent reason. *Stefan*, at 661, 257 N.W.2d 206. Consequently, the court granted

summary judgment in favor of defendant, stating that "the mere occurrence of plaintiff's fall is not enough to raise an inference of negligence on the part of defendant." *Id.* at 661, 257 N.W.2d 206. The circumstances in the present case are not analogous to *Stefan* because Plaintiff in this case felt herself slip on something wet. This is not a case where conjecture is being used to "make the causal element to the exclusion of all others." *Stefan,* at 661, 257 N.W.2d 206. To the contrary, Plaintiff has pinpointed her fall to one cause . . . a wet and slippery floor.

The facts in *Siewert,* similar to those in *Stefan,* involved a plaintiff whose complaint stated that she slipped in defendant's store as a result of defendant's negligence in allowing a liquid substance or a sheet of paper to remain on the floor. *Id.* at 10. As did the plaintiff in *Stefan,* Siewart contradicted herself in her deposition testimony. Specifically, Siewart testified that "she did not recall the floor being wet; although a piece of paper was pointed out to [her] by a witness, [she] did not believe she slipped on a piece of paper and did not recall seeing anything on the floor when she fell." *Id.* She further stated that she felt that she had fallen for no other reason than the floor being slippery. *Id.*

Siewart moved to amend her complaint to conform with her deposition testimony and to allege that defendant had breached its duty with regard to the floor by negligently performing various tasks pertaining to waxing the floor. Defendant moved for summary disposition, arguing that plaintiff could not, without speculating, establish a causal connection between her fall and any negligence of defendant in maintaining its premises. *Siewert,* 441 N.W.2d at 10 (citing *Stefan* ).

*Siewert* is also inapplicable to the case at bar. The court in *Siewert* noted that plaintiff was "attempting to come 'in' with a whole new theory' " of her case. *Id.* In this case, Plaintiff's Complaint stated that she slipped and fell while entering Defendant's elevator. *See* Complaint at 2. She stated in her deposition that she fell on something wet, and, in her responsive brief, further contends that she likely slipped because the floor was highly polished or glossed marble or granite which may be deemed a defective and/or hazardous condition. Her theory is supported by the affidavit of Plaintiff's expert, Walter M. Cygan, who opined that, after inspecting the floor and ascertaining its coefficient of friction, the floor on which Plaintiff slipped and fell was unreasonably dangerous and unsafe, in that the floor was made of material that created a walking surface which was dangerously slippery.[1] This theory is not inconsistent with her Complaint.[2] She is not attempting to change her theory of defendant's negligence midstream as was the case in *Siewert. See Siewert,* 441 N.W.2d at 10.

### D. Notice

Defendant relies on *Pete v. Iron County,* 192 Mich.App. 687, 481 N.W.2d 731 (1992) to argue that Plaintiff cannot establish that Defendant had notice of the allegedly dangerous condition. Citing *Anderson v. Merkel,* 393 Mich. 603, 227 N.W.2d 554 (1975), Plaintiff retorts that she need not establish either actual or constructive notice since the alleged negligence is an act of Defendant in creating the condition. Plaintiff is correct.

*Pete* involved a plaintiff who, while descending stairs inside defendant's court-

---

1. The deposition testimonies of James Montague and Melvina Winfield also corroborate Plaintiff's theory of liability.

2. Even if Plaintiff argues in the alternative, her assertion that her fall may be the result of a highly polished floor is not inconsistent with a "wet floor" theory.

house, slipped and fell down several stairs and suffered injury. 481 N.W.2d at 732. Plaintiff in that case alleged that the proximate cause of her injuries was a defect in the building and that defendant had actual or constructive knowledge of the alleged defects. *Id.* Plaintiff admitted, however, that she did not know what made her slip and fall, admitting that the cause could have one of many possibilities. *Id.* Her expert further admitted during his deposition that he did not know if defendant had actual or constructive knowledge of the alleged defect. *Id.* Finding no genuine issue of material fact, the trial court entered summary judgment in favor of defendant. *Id.* at 733.

*Pete* is distinguishable from the case at bar. In this case, Plaintiff asserts that defendant either created or should have known of the hazardous condition-the slippery floor on the elevator cabs which invitees have to ride to gain access to the second floor. Plaintiff further argues that:

> As has already been established through the testimony of Mr. Pulford, a renovation process took place where, according to his testimony, the floors on the elevators were changed from wood to the marble and/or granite. Furthermore, pursuant to the testimony of other individuals as previously discussed in this brief, the floor is either cleaned and/or polished on a nightly basis which is consistent with Plaintiff's theory of liability. Therefore, since the Defendant created the condition and/or should have been aware of the condition, it is not necessary for Plaintiff to establish notice.

P.'s B. at 16. While the plaintiff in *Pete* could not demonstrate any action on the part of the defendant or its employees that would have given or could be used to impute knowledge of the dangerous condition to defendant, Plaintiff in this case has presented a triable issue of fact as to whether Defendant had knowledge of the floor's condition.

The instant case is more akin to *Anderson*, which involved a plaintiff who brought an action alleging negligence on the part of defendant for leaving ice on the store floor, causing her to slip, fall and injure herself. The trial judge entered judgment on behalf of defendant, stating, in part, that plaintiff had failed to show that the condition existed for a sufficient length of time to attribute constructive knowledge to defendant or his employees. *Id.* at 555. The Michigan Supreme Court reversed, holding that, while "[d]efendant had ample notice that ice had been spilled by his employees on prior occasions," plaintiff need not demonstrate actual or constructive notice of a hazardous condition when the alleged negligence was perpetrated by the defendant itself. *Id.* In such circumstances, "[k]nowledge of the alleged hazardous condition created by defendant is itself inferred." *Id.*

█ Here, Defendant has the floors cleaned and/or polished on a nightly basis, and Defendant knows the type of material from which its floors are made is a type with a low coefficient of friction. (*See* P. Affidavit of Walter M. Cygan). Defendant either created or should have known of the hazardous condition in this case-the slippery floor. Plaintiff need not demonstrate actual or constructive knowledge.

## IV. CONCLUSION

Viewing the facts in a light most favorable to Plaintiff, it cannot be said that the Plaintiff would not be able to recover under any set of facts that could be presented with the allegations of the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment

(Docket number 9, filed June 18, 2001) is **DENIED**.