Doreen B. WASAYA and Danny
A. Wasaya, Plaintiffs,

v.

UNITED ARTIST THEATRE
CIRCUIT, INC., a Maryland
corporation Defendant.

No. CIV.99–40486.

United States District Court,
E.D. Michigan,
Southern Division.

May 29, 2002.

Arvin J. Pearlman, Pearlman & Pianin, Southfield, MI, Hugh M. Davis, Jr., Constitutional Litigation Associates, Detroit, MI, Michael D. Elkins, Elkins & McCleary, Bloomfield Hills, MI, for Doreen B. Wasaya, Danny A. Wasaya, plaintiffs.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

GADOLA, District Judge.

Before the Court is Defendant's motion for summary judgment [docket entry 36]. Pursuant to Local Rule 7.1(e)(2), the Court has determined that a hearing would not significantly aid in the disposition of this motion. For reasons set forth below, the Court denies Defendant's motion.

### I. BACKGROUND

On May 9, 1999, Plaintiff Doreen B. Wasaya attended a movie in Novi, Michigan at a theater operated by Defendant. When the movie ended, but while the credits were still rolling, Ms. Wasaya began to exit the theater. As she was leaving her aisle, Ms. Wasaya tripped and fell. Ms. Wasaya alleges that her fall was caused by an exposed wire connected to the track lighting that runs the length of the main aisle in the theater. The wire was allegedly exposed because the cover over the track lighting was broken. Ms. Wasaya alleges that when she fell, she hit her head and neck on a seat, became momentarily unconscious, and suffered two fractures to her neck. Ms. Wasaya's fractured neck necessitated multiple surgeries.

Ms. Wasaya and her husband, Danny A. Wasaya, filed a two count complaint in this Court on December 22, 1999, alleging negligence and loss of consortium. Jurisdiction in this Court is premised upon diversity of citizenship among the parties and an amount in controversy in excess of $75,000.

In its motion for summary judgment, Defendant asserts that it is entitled to summary judgment because 1) any risk of harm presented by the track lighting in Defendant's theater was open and obvious to any reasonable person; 2) the track

lighting in question did not constitute an unreasonable risk of harm; and 3) Plaintiffs have presented no evidence that Defendant's employees caused the alleged dangerous condition, knew of its existence, or should have known of its existence.

## II. DISCUSSION

### A. LEGAL STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Martin v. Ohio Turnpike Commission*, 968 F.2d 606, 608 (6th Cir.1992).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party. *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987). The Court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435–36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

A fact is "material" for purposes of summary judgment where proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Accordingly, where a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Id.; Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir.1993).

Once the moving party carries the initial burden of demonstrating that no genuine issues of material fact are in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. To create a genuine issue of material fact, the nonmoving party must present more than just some evidence of a disputed issue. As the United States Supreme Court has stated, "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505 (citations omitted); *see Celotex*, 477 U.S. at 322–23, 106 S.Ct. 2548; *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Consequently, the nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transportation Service, Inc.*, 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd*, 929 F.2d 701, 1991 WL 49687 (6th Cir.1991). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be

insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505; *see Cox v. Kentucky Department of Transportation,* 53 F.3d 146, 150 (6th Cir.1995).

## B. ANALYSIS

■ The Court will apply the substantive law of Michigan in this diversity case. *See City of Wyandotte v. Consolidated Rail Corp.,* 262 F.3d 581, 585 (6th Cir. 2001). In Michigan, a prima facie case of negligence requires proof of the following elements: "1. [t]hat the defendant owed a legal duty to the plaintiff; 2.[t]hat the defendant breached or violated the legal duty it owed to the plaintiff; 3.[t]hat the plaintiff suffered damages; and 4.[t]hat the defendant's breach of duty was a proximate cause of the damages suffered by the plaintiff." *Riddle v. McLouth Steel Products Corp.,* 440 Mich. 85, 485 N.W.2d 676, 681 n. 10 (1992). The Court decides the issue of a defendant's duty of care as a matter of law. *Id.* at 681.

■ A premises owner has a legal duty " 'to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land' that the landowner knows or should know the invitees will not discover, realize, or protect themselves against." *Bertrand v. Alan Ford, Inc.,* 449 Mich. 606, 537 N.W.2d 185, 186 (1995) (quoting *Williams v. Cunningham Drug Stores, Inc.,* 429 Mich. 495, 418 N.W.2d 381, 383 (1988)). "The landowner has a duty of care, not only to warn the invitee of any known dangers, but the additional obligation to also make the premises safe, which requires the landowner to inspect the premises and, depending upon the circumstances, make any necessary repairs or warn of any discovered hazards." *James v. Alberts,* 464 Mich. 12, 626 N.W.2d 158, 162–63 (2001) (quotation and citation omitted). The parties do not dispute that Ms. Wasaya was a "business invitee." *See Riddle,* 485 N.W.2d at 679 n. 4 (defining a "business invitee" as "one who enters a premises to conduct business that concerns the premises owner at the owner's express or implied invitation").

As noted above, Defendant moves for summary judgment on three grounds.

### 1. THE "OPEN AND OBVIOUS" DEFENSE

■ Defendant's first argument is that it had no legal duty to Ms. Wasaya because the track lighting upon which she allegedly tripped was "open and obvious" to a reasonable person. "[W]here the dangers are known to the invitee or are so obvious that the invitee might reasonably be expected to discover them, an invitor owes no duty to protect or warn the invitee unless he should anticipate the harm despite knowledge of it on behalf of the invitee." *Riddle,* 485 N.W.2d at 681. To determine if a danger is open and obvious, the relevant inquiry is whether "an average user with ordinary intelligence [would] have been able to discover the danger and the risk presented upon casual inspection." *Novotney v. Burger King Corp.,* 198 Mich. App. 470, 499 N.W.2d 379, 381 (1993). If reasonable minds could differ as to whether a risk is open and obvious, "the obviousness of risk must be determined by the jury." *Glittenberg v. Doughboy Recreational Industries,* 441 Mich. 379, 491 N.W.2d 208, 217 (1992); *Vella v. Hyatt Corp.,* 166 F.Supp.2d 1193, 1198 (E.D.Mich.2001).

■ Defendant asserts that the track lighting upon which Ms. Wasaya allegedly tripped was lit, there was nothing obstructing a direct view of the lighting, and that any dangers were readily apparent upon casual inspection by an average person with ordinary intelligence. Defendant

states that "there is no evidence suggesting that the track lighting located in the main aisleway of the theatre was not discoverable on casual inspection," and that "a reasonable person in plaintiff's position should have seen any problem with the track lighting." (Def. Br. at 9.)

In response, Plaintiffs assert that the dangerous condition was not the track lighting itself, but the fact that the protective plastic covering over the track lighting was broken, leaving a wire exposed, on the date that Ms. Wasaya fell. Thus, Plaintiffs argue, the broken plastic cover over the track lighting and exposed wire constituted a hidden danger of which Ms. Wasaya could not have been aware in the dimly lit theater. Plaintiffs have adduced the following evidence in support of their contention.

First, Plaintiffs offer an incident investigation report, completed by Defendant's theater manager, Christine Svoke, on May 9, 1999, following Ms. Wasaya's fall in the theater. This report indicates that the track lighting cover in the area of the fall was broken on the date of the incident and had been broken for one month prior to the incident. (*See* Pl.Ex. D., Svoke Report.)

Second, Plaintiffs offer the deposition testimony of Ms. Svoke. In her deposition, Ms. Svoke testified that the track lighting cover in question was broken on the date of Ms. Wasaya's fall, and that because the cover was broken, it could "lift off easily," and might "pop out." (Pl.Ex. E., Svoke Dep. at 38–39.)

Third, Plaintiffs offer the written report prepared by Randy Picano, a mall security guard who responded to the incident. In the report, Mr. Picano indicated that the theater was "dark" at the time of his investigation, and that he noticed an exposed wire which was part of the lighting that runs down each side of the aisle. (*See* Pl.Ex. F, Picano Report).

Fourth, Plaintiffs offer Mr. Picano's deposition testimony. Mr. Picano testified that a wire was exposed and that he determined this wire to constitute a trip hazard. (*See* Pl.Ex. G, Picano Dep. at 25.) Mr. Picano testified that when he responded to the incident, the theater lights were "dimmed," and "dark enough to where you might not see a trip hazard if it were in front of you." (Pl.Ex. G, Picano Dep. at 24.)

Fifth, Plaintiffs offer the deposition testimony of Scott Avendt, a movie theater patron present at the time that Ms. Wasaya fell. Mr. Avendt testified that Ms. Wasaya's fall occurred as patrons were leaving the theater after the movie, but while the credits were rolling, and that the lighting in the theater was dim. (*See* Pl. Ex. H, Avendt Dep. at 5–6.)

Drawing all reasonable inferences in Plaintiffs' favor, the Court concludes that Plaintiffs have adduced sufficient evidence to reach a jury on the issue of whether the danger posed by the track lighting was open and obvious. Specifically, Plaintiffs have adduced evidence that the protective covering over the track lighting was broken, leaving wires exposed. Further, Plaintiffs have adduced evidence that the theater was dimly lit at the time that Ms. Wasaya fell. Based on these facts, a reasonable juror could conclude that an exposed wire on the floor of a dimly lit theater was not an open and obvious danger.

## 2. WHETHER THE CONDITION WAS UNREASONABLY DANGEROUS

■ Defendant's second argument is that, even if the track lighting was an open and obvious danger, it was not unreasonably dangerous. "[A] premises possessor is not required to protect an invitee from open and obvious dangers, but, if special

aspects of a condition *make even an open and obvious risk unreasonably dangerous,* the premises possessor has a duty to undertake reasonable precautions to protect invitees from that risk." *Lugo v. Ameritech Corp.,* 464 Mich. 512, 629 N.W.2d 384, 386 (2001) (emphasis added). This rule is thus a limitation upon the open and obvious defense. *See Dunkle v. Kmart Corp.,* No. 218789, 2001 WL 1480816, at *4 (Mich. App. Nov.20, 2001).

Therefore, if a condition is not open and obvious, the unreasonable risk of harm need not be considered. *See id.* Here, the Court has concluded that Plaintiffs have demonstrated the existence of genuine issues of material fact as to whether the condition was open and obvious. Accordingly, the Court need not address whether the condition was unreasonably dangerous.

## 3. WHETHER DEFENDANT'S EMPLOYEES CAUSED THE ALLEGED DANGEROUS CONDITION, KNEW OF ITS EXISTENCE OR SHOULD HAVE KNOWN OF ITS EXISTENCE

■ Defendant's third argument is based upon the "storekeeper's" duty of care. In Michigan, a storekeeper has a duty "to provide reasonably safe aisles for customers and he is liable for injury resulting from an unsafe condition either caused by the active negligence of himself and his employees or, if otherwise caused, where known to the storekeeper or is of such a character or has existed a sufficient length of time that he should have had knowledge of it." *Serinto v. Borman Food Stores,* 380 Mich. 637, 158 N.W.2d 485, 486 (1968) (internal quotation and citation omitted). Defendant asserts that Plaintiffs have not presented evidence that Defendant's employees (1) caused the alleged dangerous condition, (2) knew of its existence, or (3) should have known of its existence.

Plaintiffs argue that this duty does not apply here because Defendant is not a "storekeeper," and that in any event, they have adduced evidence that would preclude summary judgment on this issue. Plaintiffs' argument that the legal duty outlined in *Serinto* would not apply to a theater owner is without merit. Plaintiffs offer no authority to support such a literalistic reading of the standard. In addition, it appears clear that this legal duty is but an explication of the general duty that a landowner owes to an invitee. *See, e.g., Bertrand,* 537 N.W.2d at 186 (outlining the legal duty owed by a premises owner to an invitee); *James v. Alberts,* 626 N.W.2d at 162–63 (same).

■ Nevertheless, Plaintiffs have adduced evidence from which a reasonable juror could conclude that Defendant (1) knew that the protective cover over the track lighting was broken, and (2) that the cover was broken for a sufficient length of time such that Defendant should have known of the problem. Specifically, the incident report prepared by Defendant's manager, Ms. Svoke, and Ms. Svoke's deposition testimony, indicate that the protective cover over the track lighting had been broken for one month prior to the date of Ms. Wasaya's fall. (*See* Pl.Ex. D., Svoke Report; Pl.Ex. E., Svoke Dep. at 38.) Thus, Plaintiffs have demonstrated the existence of a genuine issue of material fact that precludes summary judgment on this issue.

## III. CONCLUSION

For the reasons stated in this opinion, the Court finds that Plaintiffs have demonstrated the existence of genuine issues of material fact as to each of Defendant's grounds for summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for summary judgment [docket entry 36] is **DENIED.**

· **SO ORDERED.**