ROHDY v. JAMES DECKER MUNSON HOSPITAL

1. Negligence—Judgment—Judgment Notwithstanding the Verdict—Hospitals—Infection.

Judgment notwithstanding the verdict for defendant hospital in a suit where plaintiff's claim that an injection administered by a hospital employee was negligently given and caused plaintiff to contract a staphylococcus infection *held*, proper, since the mere occurrence of an infection is not enough to imply negligence and one could only speculate or conjecture that the infection occurred as a result of negligence.

2. Negligence—Res Ipsa Loquitur—Application of Doctrine—Conditions.

The four conditions for the substantive application of the concept of *res ipsa loquitur* are (1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence, (2) the event must have been caused by an agency or instrumentality within the exclusive control of the defendant, (3) the event must not have been due to any voluntary action or contribution on the part of the plaintiff, and (4) evidence of the true explanation of the event must be more readily accessible to the defendant than to the plaintiff.

Appeal from Grand Traverse, Charles L. Brown, J. Submitted Division 3 March 11, 1969, at Grand Rapids. (Docket No. 5,490.) Decided May 29, 1969. Leave to appeal denied December 30, 1969. See 383 Mich 756.

Complaint by Anne Rohdy and Richard Rohdy against James Decker Munson Hospital, a corpora-

References for Points in Headnotes
[1] 30A Am Jur, Judgments §§ 292, 297.
[2] 38 Am Jur, Negligence §§ 295–311.

tion, for negligence. Verdict for plaintiffs. Judgment notwithstanding verdict for defendant. Plaintiffs appeal. Affirmed.

*Frank H. Miltner* and *Edward W. TenHouten*, for plaintiffs.

*Moll, Desenberg, Purdy, Glover & Bayer*, for defendant.

BEFORE: McGregor, P. J., and R. B. Burns and Danhof, JJ.

R. B. Burns, J. Plaintiffs sued defendant hospital claiming that an injection administered by one of the nurses employed by defendant hospital was negligently given, causing plaintiff Anne Rohdy to contract a staphylococcus infection. The jury returned a verdict for plaintiffs. The trial judge granted defendant's motion for judgment notwithstanding the verdict. Plaintiffs appeal, contending the trial judge erred in setting aside the jury verdict in that there was sufficient circumstantial evidence from which an inference of negligence could be established so as to permit the case to be submitted to the jury.

Plaintiffs place great reliance upon the four conditions for the substantive application of the concept of *res ipsa loquitur* set out by the Supreme Court in *Gadde v. Michigan Consolidated Gas Company* (1966), 377 Mich 117, 124:

"1. *The event must be of a kind which ordinarily does not occur in the absence of someone's negligence.*

"2. *The event must have been caused by an agency or instrumentality within the exclusive control of the defendant.*

"3. *The event must not have been due to any voluntary action or contribution on the part of the plaintiff.*

"4. *Evidence of the true explanation of the event must be more readily accessible to the defendant than to the plaintiff.*"

From an examination of the record it is clear that plaintiffs failed to satisfy these conditions. The basis of plaintiffs' claim is plaintiff Anne Rohdy's testimony that a shot given her in May of 1961 reacted differently than the other shots; that her arm swelled up the next day and that this was the area in which the infection first occurred. But from the record it cannot be said with any degree of certainty whether the infection did or did not result from the injection administered to plaintiff. It was not until after June 29, 1961 that the "staph" allegedly erupted on her arm, yet she had been in and out of the hospital the entire month of June for eczema treatments and the birth of a child without any complaint concerning her arm. The hospital records indicate that on June 25 her arm had a "sterile abscess" (disintegration of tissue unaccompanied by infectious bacteria) with no "suppuration" (pus). Her own doctor testified that in his opinion the "staph" was not caused by the injection; that there were many ways for it to have entered the blood stream; that her scratching, brought on by the eczema, could have made her more susceptible to infection.

The nurse who administered the shots to plaintiff testified that standard operating procedure was followed while administering them. It was also established that prior to plaintiff's infection her husband was in the association of persons who had staphylococcus. The mere occurrence of an infection is not enough to imply negligence. One can only specu-

late or conjecture that the infection occurred as a result of negligence.

Affirmed. Costs to defendant.

All concurred.