STEFAN v WHITE

1. JUDGMENT—SUMMARY JUDGMENT—MOTIONS—AFFIDAVITS—SLIP
   AND FALL—LOSS OF CONSORTIUM.

   A trial court in considering a defendant's motion for summary
   judgment in a slip and fall case based on a plaintiff's deposition
   which failed to establish a causal connection between the
   plaintiff's fall and the defendant's premises is obligated to give
   consideration to an affidavit, submitted by the plaintiff's hus-
   band, opposing the motion where the husband is also a plaintiff
   with respect to his derivative claim for loss of consortium.

2. JUDGMENT—SUMMARY JUDGMENT—MOTIONS—MATERIAL FACTS—
   COURT RULES.

   A trial court in considering a motion for summary judgment on
   the basis of no genuine issue as to any material fact should
   exercise liberality in finding a genuine issue of material fact,
   and the court should give the benefit of any reasonable doubt to
   the party opposing the motion; summary judgment lies only
   where the court is satisfied that it is impossible for the claim or
   defense to be supported at trial because of some deficiency
   which cannot be overcome (GCR 1963, 117.2[3]).

3. JUDGMENT—SUMMARY JUDGMENT—DEPOSITIONS—AFFIDAVITS—IS-
   SUE OF FACT.

   A plaintiff's deposition testimony given in a clear, intelligent, and
   unequivocal manner was binding against her in the absence of
   an explanation, and the mere assertion to the contrary in an
   affidavit opposing summary judgment, given by her husband
   who was also a plaintiff, was not sufficient explanation to
   create an issue of fact.

4. NEGLIGENCE—SLIP AND FALL—INFERENCE OF NEGLIGENCE.

   The mere occurrence of a fall by a plaintiff in a defendant's home

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 73 Am Jur 2d, Summary Judgment §§ 18, 22, 23.
[2, 3, 5] 73 Am Jur 2d, Summary Judgment §§ 26, 27.
[4, 6] 62 Am Jur 2d, Premises Liability §§ 23, 24, 238 *et seq.*
[6] 58 Am Jur 2d, Negligence §§ 478–482, 504, 509, 518.

is not enough to raise an inference of negligence on the part of the defendant.

5. JUDGMENT—SUMMARY JUDGMENT—SPECULATION OR CONJECTURE—MATERIAL FACT—COURT RULES.

Speculation or conjecture is insufficient to raise a genuine issue of material fact, and summary judgment is appropriate where there is no genuine issue as to any material fact (GCR 1963, 117.2[3]).

6. NEGLIGENCE—INFERENCE OF NEGLIGENCE—EVIDENCE—CIRCUMSTANTIAL EVIDENCE.

An inference of negligence arising from circumstantial evidence can be made only when the following four factors are present: (1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence, (2) the event must have been caused by an agency or instrumentality within the exclusive control of the defendant, (3) the event must not have been due to any voluntary action or contribution by plaintiff, and (4) evidence of the true explanation of the event must be more readily accessible to defendant than to plaintiff.

Appeal from Macomb, Robert J. Chrzanowski, J. Submitted May 12, 1977, at Detroit. (Docket No. 30597.) Decided July 7, 1977.

Complaint by Mary Stefan and Tiberius Stefan against Leona S. White for damages for personal injuries arising out of a slip and fall and for loss of consortium. Summary judgment for defendant. Plaintiffs appeal. Affirmed.

*Davidow & Davidow,* for plaintiffs.

*Wendt & Wendt,* for defendant.

Before: BASHARA, P. J., and QUINN and BEASLEY, JJ.

BEASLEY, J. Principal plaintiff Mary Stefan claims damages for personal injuries against defendant, her sister-in-law, arising out of a slip and fall in defendant's home.

The trial court granted defendant's motion for summary judgment under GCR 1963, 117.2(3). After her motion for rehearing was denied, plaintiffs appeal as a matter of right.

In her complaint, plaintiff claims that defendant was negligent as follows:

"5. That plaintiff believed and had the right to, and did rely upon the duty owed by defendant to plaintiff that said entrance and exit, particularly the door sill, surface and exit leading from the kitchen to the grade entrance of the house, was in good and reasonably safe condition so that plaintiff would not be in danger or susceptible of catching her foot in said door, door sill, or exit way whereby she might be injured as the result of catching her foot, and be tripped and slip and fall as a result of a defective condition or unsafe condition of the surface of the exit door, door sill, or exit way of the kitchen door leading to the grade entrance.

"6. That plaintiff, relying upon the existence of reasonably safe conditions hereinabove described, did proceed to leave the premises of defendant, and in progressing through the open kitchen door, did catch her left heel on the metal strip on the door sill at the door or surface, and did trip and fall, causing her to suffer severe and substantial injury and damages as hereinafter set forth.

"7. That defendant, disregarding her duty as aforesaid, was guilty of negligence, carelessness and recklessness in failing to provide reasonably safe conditions for plaintiff to leave the home of the defendant in that the metal strip on the door sill or surface at the kitchen door by which plaintiff sought to leave was loose or improperly raised so that plaintiff's left heel caught in said strip, and she tripped and fell, sustaining severe injuries to her left knee."

But, when plaintiff was deposed, she said she did not know how or why she fell, as follows:

"Q *[Mr. Wendt, Counsel for defendant.]* What did [you] trip on if anything?

"A Well, I don't recall what I tripped over.

"Q Tell me what you recall that day?

"A I don't recollect anything.

"Q You have no recollection?

"A Yeah, I was down, that's all I can say.

"Q I just want to know what you recollect.

"A I don't know what happened. I just went down.

"Q You fell?

"A I fell (indicating).

\* \* \*

"Q Did you feel yourself trip?

"A I didn't feel nothing.

"Q But you fell and you didn't feel yourself slip?

"A No.

"Q Or trip?

"A No, not at all.

"Q You were walking toward the doorway, going toward the doorway at the time you fell?'

"A Yeah, I took a step and the next thing I knew I was just going straight out.

"Q And you were just walking?

"A Yes.

"Q When you got to the stairs down you fell?

"A Yes.

"Q Do you know what you tripped over if anything?

"A Nothing. I just went down that fast."

(Pretrial deposition of plaintiff, Mary Stefan, pages 16 and 17.)

Based upon this deposition, defendant filed her motion for summary judgment alleging there was no issue of material fact and that she was entitled to judgment as a matter of law.

In opposition, plaintiff's husband, who is also a plaintiff with respect to his derivative claim for loss of consortium, filed an affidavit alleging in part as follows:

"That upon the conclusion of their visit, deponent [Tiberius Stefan] went out through the rear door from the kitchen to his car when he heard his wife screaming for help. That deponent husband went back and found his wife face down lying on the stoop of the landing complaining of excrutiating pain. That deponent assisted his wife to his car, and then came back to the doorway leading to the kitchen to the stoop, to pick up the purse and glasses that she had dropped while falling and while doing so, noticed that a metal strip at the edge of the kitchen floor leading to the step outside was extruding from about 1/8 to 1/4 of an inch. That while this deponent had stepped to the step below at the kitchen door, his wife fell because of the extrusion, which caused her heel to catch, and making her fall." (Affidavit in Opposition to Motion for Summary Judgment.)

Obviously, defendant's motion for summary judgment relies upon the deposition of plaintiff Mary Stefan, which does not assert facts establishing a casual relationship between her fall and defendant's premises. However, plaintiff is entitled to rely upon her husband's affidavit that was filed in opposition to the motion, and the trial court is obligated to give consideration to that affidavit.[1]

---

[1] GCR 1963, 117.2, 117.3.

".2 Grounds. The motion for summary judgment shall state that the moving party is entitled to judgment in his favor because of any 1 of the following grounds: * * * (3) that except as to the amount of damages there is no genuine issue as to any material fact, and the moving party is therefore entitled to judgment as a matter of law.

".3 Motion and Proceedings Thereon. A motion based upon sub-rule 117.2(3) shall be supported by affidavits, and the opposing party prior to the day of hearing may serve opposing affidavits. * * * *Such affidavits, together with the pleadings, depositions, admissions, and documentary evidence then filed in the action or submitted by the parties shall be considered by the court at the hearing.*" (Emphasis added.)

*See also, Rizzo v Kretschmer,* 389 Mich 363, 374; 207 NW2d 316 (1973):

"As we previously pointed out, the trial judge incorrectly failed to consider all of plaintiff's answer to defendants' motions for summary judgment. The defendants in their motions for summary judgment

In *Rizzo v Kretschmer*,[2] the Court indicates that liberality should be exercised in finding a genuine issue of material fact, that the benefit of any reasonable doubt should be given to the party opposing summary judgment and that summary judgment only lies where the court is satisfied that it is impossible for the claim or defense to be supported at trial because of some deficiency which cannot be overcome.

Since both plaintiff Mary Stefan's deposition and her husband's affidavit were before the trial court for consideration, a grant of summary judgment must rest on two propositions. First, that the deposition testimony is binding on the plaintiff even though it contradicts her complaint, and, in fact, negates the essential factual elements of that complaint. Second, that her husband's affidavit preserves no genuine issue of material fact. After considering all of the facts, the trial court ruled that summary judgment was proper. We agree.

In the absence of proper explanation, plaintiff Mary Stefan's deposition testimony is binding on her:

"As a result of his own deposition testimony, plaintiff's ability to present a case was challenged. His affidavit merely restated his pleadings. Deposition testimony damaging to a party's case will not always result in summary judgment. However, when a party makes statements of fact in a 'clear, intelligent, unequivocal' manner, they should be considered as conclusively binding against him in the absence of any explanation or modification, or of a showing of mistake or improvidence. *Southern Rendering Co v Standard Rendering Co*

also appear to have been under the mistaken impression that the trial judge was limited to the depositions as far as deciding the motion." (Footnotes omitted.)

[2] Fn. 1, *supra. See, DeMare Brothers Construction Co, Inc v Teska*, 49 Mich App 642; 212 NW2d 602 (1973).

(ED Ark, 1953), 112 F Supp 103, 108. The purpose of GCR 1963, 117 is to allow the trial judge to determine whether a factual issue exists. 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), 1969 Cum Supp, p 51. This purpose is not well served by allowing parties to create factual issues by merely asserting the contrary in an affidavit after giving damaging testimony in a deposition. As was stated in *Perma Research and Development Co v The Singer Co* (CA 2, 1969), 410 F2d 572, 578:

" 'If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact.' " *Gamet v Jenks,* 38 Mich App 719, 726; 197 NW2d 160 (1972).

Here, no such explanation was presented regarding the differences between plaintiff's complaint and her deposition. Plaintiff's testimony which negated a casual relationship between her fall and defendant's premises, therefore, could be treated as binding upon plaintiff by the trial court.

Plaintiff's husband's affidavit does not improve her position. In a case involving a staphylococcus infection following a hospital administered hypodermic injection, this court said:

"Her own doctor testified that in his opinion the 'staph' was not caused by the injection; that there were many ways for it to have entered the blood stream; that her scratching, brought on by the eczema, could have made her more susceptible to infection.

"The nurse who administered the shots to plaintiff testified that standard operating procedure was followed while administering them. It was also established that prior to plaintiff's infection her husband was in the association of persons who had staphylococcus. The mere occurrence of an infection is not enough to imply negligence. One can only speculate or conjecture that the infection occurred as a result of negligence." *Rohdy*

*v James Decker Munson Hospital,* 17 Mich App 561, 563–64; 170 NW2d 67 (1969).

The same is true here. The mere occurrence of plaintiff's fall is not enough to raise an inference of negligence on the part of defendant. As has been noted, plaintiff's husband did not see the fall. His affidavit points to one possible cause—the metal strip—but it presents no evidence linking that strip to the fall. Only conjecture can make this the causal element to the exclusion of all others. Such speculation or conjecture is insufficient to raise a genuine issue of material fact. *Rohdy, supra.*

The speculative nature of the affidavit is also clearly shown when the event is evaluated in terms of an inference of negligence arising from sufficient circumstantial evidence. Such an inference can be made when the following four factors are present:

"1. The event must be of a kind which ordinarily does not occur in the absence of someone's negligence.

"2. The event must have been caused by an agency or instrumentality within the exclusive control of the defendant.

"3. The event must not have been due to any voluntary action or contribution on the part of the plaintiff.

"4. Evidence of the true explanation of the event must be more readily accessible to the defendant than to the plaintiff." *Gadde v Michigan Consolidated Gas Co,* 377 Mich 117, 124; 139 NW2d 722 (1966).

An attempt to apply these factors demonstrates the lack of a showing, even circumstantial, as to the cause of the fall. Without such a showing, there is no causal connection between the defendant and the fall; only speculation and conjecture remain. More than this has to be presented in

order to raise a genuine issue of material fact.[3] Furthermore, as indicated, plaintiff's own deposition appears to negative any negligence on the part of defendant.

Affirmed.

---

[3] *See, Preston v Sleziak,* 383 Mich 442; 175 NW2d 759 (1970).