762 F.2d 1007
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LOIS HESS, PLAINTIFF-APPELLANT,
v.
FOOD ENGINEERING CORPORATION, DEFENDANT/THIRD-PARTY PLAINTIFF-APPELLEE,
GENERAL FOODS CORPORATION, THIRD-PARTY DEFENDANT.
 NO. 84-1341
 United States Court of Appeals, Sixth Circuit.
 4/19/85
 
 On Appeal from the United States District Court for the Western District of Michigan
 Before: ENGEL, MARTIN and KRUPANSKY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Lois Hess appeals from the judgment of the District Court for the Western District of Michigan granting the defendant's motion for directed verdict. The sole issue in this diversity case is whether a reasonable juror viewing the evidence in the light most favorable to the plaintiff could find by a preponderance of the evidence that design defects in a ladder and catwalk manufactured by the defendant proximately caused the plaintiff's injuries.
 
 
 2
 Lois Hess, an employee of General Foods Corporation in Battle Creek, Michigan arrived at work on June 1, 1980 at approximately 11:00 p.m. Part of her responsibilities that evening included washing down food processing equipment in the 'accumaveyor' room. In order to wash this equipment, Hess had to stand on a catwalk approximately eight feet off from the floor. The only access to the catwalk was a fixed vertical ladder located on one of the walk's ends. The catwalk and vertical ladder were part of a bulk storage system designed, manufactured and nstalled by Food Engineering Corporation. Anyone wishing to descend the ladder from the walk had to first pull back a springloaded metal gate that had been placed across the end of the walk. At approximately 12:00 midnight on June 1, the plaintiff fell from somewhere near the end of the catwalk as she was preparing to descend the ladder to get new wash water and to take a work break.
 
 
 3
 Hess brought suit against Food Engineering Corporation, alleging negligence and design defects. Specifically, she argued that the system was unsafe because a fixed stairway should have been provided to reach the catwalk rather than a fixed vertical ladder. Because of the severe injuries to her head, Hess could not remember the exact details of her accident. She did remember ringing out her sponge and setting her water bucket down on the catwalk. The next thing she remembered was waking up in the hospital following the accident. No other witnesses saw what caused the accident.
 
 
 4
 Benjamin LaBelle, a production foreman for General Foods and Hess's supervisor on the night of her fall, testified that he was working in the same room as Hess at the time of the accident. He had his back to the area in which she was working when he heard a 'clang.' He immediately turned around and saw Hess in midfall approximately four feet in the air in a horizontal position. LaBelle testified that in his opinion the 'clang' he heard was the sound of the gate shutting against the metal gate stop. He also testified that he though that the plaintiff was probably trying to get down off the catwalk when she fell. Upon recross-examination, Mr. LaBelle admitted that there were several possible explanations for the cause of Hess' fall and that the possibility that she actually fell while on the ladder was 'less likely than the others.' LaBelle was the only witness to see Hess in the process of falling.
 
 
 5
 Hess called one expert witness, Alex Nagy, who testified that the ladder access to the catwalk was unsafe. However, Mr. Nagy admitted that he was not qualified to give any expert testimony on whether the plaintiff's horizontal fall indicated that she fell from the ladder or from the catwalk itself.
 
 
 6
 At the close of the plaintiff's case, the defendant moved for a directed verdict. The trial court judge granted the motion on the ground that there was insufficient evidence to establish that any alleged defect in the design of the catwalk and the ladder proximately caused the plaintiff's injuries. Specificaly, he found that there were several equally plausible explanations for the cause of the plaintiff's fall. Because the plaintiff's evidence did not show that her explanation for the accident was any more likely than any of the other alternatives, the court held that there was insufficient evidence to go to the jury. Hess now appeals arguing that the evidence creates a clear question of fact concerning causation when viewed in the light most favorable to her.
 
 
 7
 On appeal, we were benefited by excellent briefs and oral argument on behalf of both parties. After a careful examination of the entire record construed in a light most favorable to Hess, we conclude that United States District Judge Benjamin F. Gibson did not err in granting the defendant's motion for a directed verdict. The principle and analysis applied by Judge Gibson are well supported in Michigan law. Kaminski v. Grand Trunk Western Railroad Co., 347 Mich. 417, 79 N.W.2d 899 (1956); Stefan v. White, 76 Mich. App. 654, 257 N.W.2d 206 (1977); Buckeye Union Fire Ins. Co. v. Detroit Edison Co., 38 Mich. App. 325, 196 N.W.2d 316 (1972).
 
 
 8
 Although we agree with the district judge's decision to grant the motion for directed verdict at the conclusion of plaintiff's proof, we caution that, as a matter of general practice, such procedures should be aparingly employed. In very close cases, the better procedure normally would be to reserve decision, permitting the case to be submitted to the jury at the conclusion of all proofs and, thus, avoiding the need for a retrial should the trial court decision be held incorrect on appeal.
 
 
 9
 AFFIRMED.