995 F.2d 1067
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edwin NIKLAS, Plaintiff-Appellant,
v.
JOSEPH T. RYERSON & SON, INC., Defendant-Appellee.
 No. 92-1974.
 United States Court of Appeals, Sixth Circuit.
 May 26, 1993.
 
 Before: MARTIN and BOGGS, Circuit Judges; and KRUPANSKY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Edwin Niklas appeals the district court's dismissal of his complaint against Joseph T. Ryerson & Son, Inc. ("Ryerson"), seeking recovery for an injury sustained when he fell while getting out of a truck provided to his employer by Ryerson. The district court granted Ryerson's motion to dismiss on summary judgment because it determined that Niklas had failed to offer evidence that the truck was defective at the time of the accident; that the alleged defect caused the accident; or that Ryerson knew or should have known about the allegedly defective condition. We affirm.
 
 
 2
 * At the time of the accident, Niklas was employed as a truck driver by Hankin Transportation, Inc., driving trucks provided by Ryerson. Niklas worked as a "switcher," transferring trailers between the loading area and the yard. At approximately 7:00 p.m. on November 26, 1990, Niklas injured himself while getting out of the cab of a switch tractor. Niklas backed out of the cab and placed both feet on the step beneath the driver's door. Next, steadying himself by grasping the upper rung on the back of the cab with his right hand, he placed his right foot on the step over the battery box. From there, he usually placed his left foot on the ground and then brought his right foot down. This time, however, he slipped off or missed the battery box and fell to his knees on the ground. During the fall, he continued to hold onto the rung and injured his right elbow.
 
 
 3
 Niklas filed this negligence suit against Ryerson in Michigan state court on September 27, 1991, claiming that a defective battery box caused his fall and the related injury. Ryerson filed a petition for removal to federal district court on the basis of diversity of citizenship. The district court granted Ryerson's motion for summary judgment and dismissed the claim in an order entered on July 15, 1992.
 
 II
 
 4
 To establish a prima facie case of negligence, Niklas must prove that Ryerson owed him a legal duty, that Ryerson failed to exercise ordinary care in carrying out that duty, and that Niklas suffered injuries proximately caused by Ryerson's negligence. See May v. Parke, Davis & Co., 142 Mich.App. 404, 411, 370 N.W.2d 371 (1985); Clark v. Dalman, 379 Mich. 251, 150 N.W.2d 755 (1967). Ryerson's primary argument is that Niklas cannot establish that a defective condition proximately caused his fall.
 
 
 5
 Of course, the mere occurrence of Niklas's fall while getting out of a truck provided by Ryerson is not enough to raise an inference of negligence on Ryerson's part. Stefan v. White, 76 Mich.App. 654, 661, 257 N.W.2d 206 (1977). Under Michigan law, the trial court cannot submit a negligence claim to the jury when causation is supported by mere conjecture or speculation. The Michigan Supreme Court has ruled that "a case cannot go to a jury supported merely by sheer speculation that something might have been a cause, or, going one step further, that there was a possibility that something was the cause." Glinski v. Szylling, 358 Mich. 182, 201-02, 99 N.W.2d 637 (1959). In Kaminski v. Grand Trunk Western Railroad Co., 347 Mich. 417, 79 N.W.2d 899 (1956), the Michigan Supreme Court discussed why conjecture is insufficient to support a reasonable inference of negligence:
 
 
 6
 "As a theory of causation, a conjecture is simply an explanation consistent with known facts or conditions, but not deducible from them as a reasonable inference. There may be two or more plausible explanations as to how an event happened or what produced it; yet, if the evidence is without selective application to any one of them, they remain conjectures only. On the other hand, if there is evidence which points to any one theory of causation, indicating a logical sequence of cause and effect, then there is a juridical basis for such a determination, notwithstanding the existence of other plausible theories with or without support in the evidence."
 
 
 7
 347 Mich. at 422 (quoting City of Bessemer v. Clowdus, 261 Ala. 388, 394, 74 So.2d 259 (1954)).
 
 
 8
 Therefore, to survive summary judgment, Niklas must have provided evidence that shows more than a mere possibility that his fall was caused by a defective battery box. The evidence suggests several plausible theories: the battery box could have been defective before the accident, as Niklas claims; Niklas could have broken the battery box during the accident; Niklas's foot could have slipped off the battery box for reasons unrelated to the alleged defect; or Niklas's foot could have missed the battery box completely. Niklas must have provided evidence from which a jury could reasonably infer that the defective battery box was a more likely cause than these other plausible theories. We conclude that Niklas has fallen far short of the mark.
 
 
 9
 Niklas put forth scant evidence to support his theory. First, Niklas provided his own testimony that when he attempted to step on the battery box he felt it "give way" and his foot continue to go downward. However, Niklas was not looking at his foot or the battery box when the accident occurred and did not see what caused the sensation of the battery box giving way. There were no eyewitnesses to the fall. Niklas did not notice any problems with the battery box before the fall that night or during the three or four times that he had used that specific truck on previous shifts. He did not examine the battery box immediately after the fall or at any time during the remaining four hours of his shift that night. Niklas did not mention the battery box in the accident report that he filed immediately after the accident. Also, although Niklas was required to report to Ryerson any problems with the truck and had reported previous problems, he did not report any problems related to this accident.
 
 
 10
 Second, Niklas provided photographs taken of the truck seven months after the accident in which the battery box appears to be in poor condition. However, Niklas provided absolutely no proof that the battery box was in the same condition on the night of the fall. In fact, Niklas conceded that he could not say whether the battery box was in the same condition on the night of the accident.
 
 
 11
 Third, Niklas submitted an affidavit in which an otherwise unidentified person named Robert Hartman stated that the battery box was improperly secured with a strap and easily moved. Hartman opined that Niklas's injury was caused by a defective battery box. Although Hartman is touted as an expert, Niklas's counsel did not include Hartman's qualifications anywhere in the record and could not recall any of his qualifications at oral argument before this court. Regardless, Hartman did not inspect the truck until February 1992--fifteen months after the accident. Again, even if the battery box was defective in February 1992, there is absolutely no evidence that the battery box was in a similar condition on the night of the accident.
 
 
 12
 Finally, Niklas testified that Ernie Madinia, the switcher who relieved Niklas, told him that the battery box was "wrecked up." It is unclear when Madinia told Niklas this. It could have been immediately after the accident or seven months later when Niklas photographed the truck while Madinia was present. Regardless, Niklas's testimony is hearsay, and Madinia did not testify or prepare an affidavit. Hearsay evidence is not sufficient to defeat a motion for summary judgment. See State Mutual Life Assurance Co. v. Deer Creek Park, 612 F.2d 259, 264 (6th Cir.1979). Federal Rule of Civil Procedure 56(e) requires that "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated within." Moreover, Niklas provided no evidence that Madinia, or any switch driver, reported any problems with the battery box before or after the accident.
 
 
 13
 This case is similar to two Michigan cases in which the court dismissed negligence claims because the plaintiffs' theories were based on mere conjecture. In Stefan v. White, 76 Mich.App. 654, 257 N.W.2d 206 (1977), the plaintiff sought recovery for personal injuries sustained when she slipped and fell while walking through the doorway to the defendant's house. No one witnessed the fall, and the plaintiff testified that she did not know why she fell. Immediately after the fall, the plaintiff's husband examined the doorway and noticed that a metal strip was protruding about 1/4 of an inch from the floor. The plaintiff claimed that the metal strip caught her heel and caused the fall. The court dismissed the claim because no evidence linked the strip with the fall. The plaintiff's theory was mere speculation or conjecture. 76 Mich.App. at 661.
 
 
 14
 In Ransburg v. Wayne County, 170 Mich.App. 358, 427 N.W.2d 906 (1988), the plaintiff slipped and fell on the steps of the "Old County Building." Shortly after the fall, the plaintiff inspected the steps and found them to be dusty. However, the plaintiff did not present any evidence that the dusty conditions actually caused his fall, and the court dismissed the plaintiff's claim as mere speculation or conjecture. 170 Mich.App. at 359.
 
 
 15
 In this case, a defective battery box may have caused Niklas's accident. It is certainly a plausible theory, but Niklas has provided absolutely no evidence that the battery box was defective on the night of the accident, much less that it was the proximate cause of the accident. Instead, Niklas has simply speculated that since the battery box appeared defective seven (or fifteen) months later, it may have been defective at the time of his accident and it may have been the reason Niklas felt his foot continue to go downward when he attempted to step on the battery box. Niklas's theory is mere speculation, and his claim was thus properly dismissed on Ryerson's motion for summary judgment.
 
 III
 
 16
 Accordingly, we AFFIRM the judgment of the district court.