# STATE OF MICHIGAN

# COURT OF APPEALS

JANE BATE,

        Plaintiff-Appellant,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant,

and

GRAYSTONE SERVICE GROUP, INC., a/k/a
GRAYSTONE, LLC,

        Defendant-Appellee.

UNPUBLISHED
May 12, 2015

No. 320577
Wayne Circuit Court
LC No. 12-015603-NF

Before: RIORDAN, P.J., and JANSEN and FORT HOOD, JJ.

PER CURIAM.

In this premises-liability case involving a purported accumulation of black ice, plaintiff appeals by right the circuit court's order of February 4, 2014, granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(10). We affirm.

I

On December 11, 2011, plaintiff stopped at a gas station owned by defendant in Lincoln Park, Michigan. It was a "nice day" and plaintiff did not anticipate any ice upon arriving at the gas station. There was no precipitation falling at the time and there was no snow or slush on the ground. Plaintiff testified at her deposition[1] that she had gone to defendant's gas station previously and had never encountered hazardous ice on the premises.

---

[1] Rather than submitting a complete transcript of plaintiff's deposition in the circuit court, plaintiff's attorneys erroneously submitted the transcript of an unrelated deposition from an entirely unrelated case. Plaintiff's attorneys have made the same error in this Court, attaching the unrelated transcript instead of the transcript of plaintiff's deposition to their brief on appeal.

Plaintiff stopped her car near a gas pump, removed her key from the ignition, and opened her car door. She testified that as she "was stepping out of the car, and as soon as I put my [left] foot down and was kinda [sic] getting out," she fell to the ground. Plaintiff stated that she "ended up on the ground, on ice," and that she "blew out her wrist" as a result of using her arms and hands to break the fall. Plaintiff admitted that she "did not see the ice," but testified that she "felt it when [her] hands were on it." She described the area where she fell as "slippery and cold and wet and dirty."

Plaintiff returned to examine the site "[m]onths later" when her hand and wrist still had not healed. Upon her return to the gas station, plaintiff noticed that water "dripped all day off th[e] flat roof"[2] and tended to pool in a minor depression in the pavement near the spot where she had fallen. On the basis of this after-the-fact observation, plaintiff surmised that water must have been dripping off the roof on December 11, 2011, and that this must have caused the formation of black ice.

In November 2012, plaintiff commenced the instant premises-liability action in the Wayne Circuit Court. She alleged that defendant knew or should have known of the accumulation of black ice near its gas pumps on December 11, 2011, that defendant had a duty to remove the ice or warn her of its existence, that defendant breached this duty, and that she was injured when she slipped and fell.

On October 17, 2013, defendant moved for summary disposition pursuant to MCR 2.116(C)(10). Among other things, defendant argued that (1) plaintiff's theory concerning the formation of black ice was purely speculative and insufficient to withstand summary disposition, (2) plaintiff did even see the ice on which she claimed to have slipped, (3) defendant had no actual or constructive notice of the purported accumulation of ice, and (4) any accumulation of ice near the gas pumps in mid-December constituted an open and obvious danger.

Anwar El-Husseini, defendant's principal shareholder, testified at his deposition that he was the owner of the gas station and that his employee, identified only as Mr. Haider, was working at the time of plaintiff's accident. El-Husseini stated that he was never contacted by plaintiff after the incident. El-Husseini confirmed that removing snow and spreading salt in the parking lot was part of Haider's job. El-Husseini testified that he did not know of any leaks from the flat roof or any areas in the parking lot where ice tended to form during the winter months.

In response, plaintiff submitted the affidavit of meteorologist Paul H. Gross, C.C.M., who averred that the conditions in Lincoln Park, Michigan, on December 11, 2011, between the hours of 4:30 and 5:00 p.m. were cold enough to freeze water and to cause the accumulation of ice. Gross further averred that, given the meteorological conditions at the time, an ice-melting agent such as salt would have removed the ice and prevented plaintiff's accident.

_____

However, defendant attached the complete transcript of plaintiff's deposition to its motion for summary disposition, and it was therefore properly before the circuit court.

[2] Plaintiff clarified that she was referring to "the pavilion-type roof that covers the [gas] pumps."

The circuit court held oral argument on January 16, 2014. After considering the arguments of the attorneys, the court remarked:

[T]aking the evidence in the light most favorable to the nonmoving party . . . first off, I don't see that there was actual negligence on the part of the gas station. And . . . I'm looking to the case law set forth in *Stefan* [*v White*, 76 Mich App 654; 257 NW2d 206 (1977)].

Additionally, relative to the notice issue, the Court doesn't feel that there was anything other than speculation and conjecture that would lead us to anything relative to actual notice. There the Court would look to the language set forth in *Whitmore v Sears, Roebuck* [*& Co*, 89 Mich App 3; 279 NW2d 318 (1979)]. There's nothing to indicate . . . that there was a condition there on the date in question that . . . had existed for a significant period of time. And there was [no]thing to show that the [defendant] knew or should have known that, and that it was an unsafe condition that they knew about. There just wasn't anything there to support the notice issue.

And the notice is only allowed on a very limited basis if there's some expert testimony, if there's [sic] depositions or affidavits with statements that are more than speculation and conjecture . . . .

So relative to the notice issue, the Court doesn't feel that there's sufficient basis to go forward in that regard.

Thirdly . . . in this Court's mind there isn't anything other than the open and obvious scenario here. Because one, there isn't any indicia that there was clearly something there on the date and time of the incident. . . . [A]ll this is after the fact, all this is . . . conjecture and speculation. It's trying to allow an analysis based upon what they thought may have been the case . . . .

And then I go back to the fact that here in Michigan because of the nature of the weather . . . the Supreme Court I think was in *Hoffner v Lanctoe*[, 492 Mich 450; 821 NW2d 88 (2012)], said that winters, snow and ice constitute open and obvious situations. . . . And the Court doesn't feel that there was sufficient evidence . . . to create a genuine issue of material fact. Therefore, the Court will grant the Defendant's motion for summary disposition.

On February 4, 2014, the circuit court entered an order granting summary disposition in favor of defendant for the reasons stated on the record. Plaintiff timely filed her claim of appeal in this Court on February 24, 2014.

II

We review de novo the circuit court's grant of summary disposition under MCR 2.116(C)(10). *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). The pleadings, affidavits, depositions, admissions, and other admissible documentary evidence submitted by the parties must be considered in the light most favorable to the nonmoving party.

MCR 2.116(G)(5); *Kennedy v Great Atlantic & Pacific Tea Co*, 274 Mich App 710, 712; 737 NW2d 179 (2007). "Summary disposition is proper under MCR 2.116(C)(10) if the affidavits and other documentary evidence show that there is no genuine issue concerning any material fact and that the moving party is entitled to judgment as a matter of law." *Kennedy*, 274 Mich App at 712. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

### III

"In a premises liability action, a plaintiff must prove (1) that the defendant owed a duty to the plaintiff, (2) that the defendant breached the duty, (3) that the defendant's breach of the duty caused the plaintiff's injuries, and (4) that the plaintiff suffered damages." *Kennedy*, 274 Mich App at 712. In general, a premises owner owes a duty to exercise reasonable care to protect an invitee from a dangerous condition that the owner knows or should know exists on the land. *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). But "the possessor of land is not an absolute insurer of an invitee's safety." *Kennedy*, 274 Mich App at 712-713. For instance, "[a] premises possessor is generally not required to protect an invitee from open and obvious dangers." *Id*. at 713.

"The test to determine if a danger is open and obvious is whether 'an average user with ordinary intelligence [would] have been able to discover the danger and the risk presented upon casual inspection.' " *Id*., quoting *Novotney v Burger King Corp (On Remand)*, 198 Mich App 470, 475; 499 NW2d 379 (1993). "Because the test is objective, this Court looks not to whether a particular plaintiff should have known that the condition was hazardous, but to whether a reasonable person in his or her position would have foreseen the danger." *Kennedy*, 274 Mich App at 713.

### IV

Plaintiff failed to establish the existence of a genuine issue of material fact concerning whether defendant knew, or had reason to know, that there was an accumulation of black ice near its gas pumps on December 11, 2011.

To be liable, a landowner must have known of, or by the exercise of reasonable diligence should have known of, the dangerous condition on its property. *Prebenda v Tartaglia*, 245 Mich App 168, 169; 627 NW2d 610 (2001). In the instant case, there is simply no evidence that defendant or its employees were aware of, or should have discovered, the accumulation of black ice near the gas pumps. The unrebutted evidence established that it was a clear, dry day. There was no snow, slush, or *visible* ice on the ground.

Plaintiff introduced Gross's affidavit to support her contention that defendant should have known of the risk of freezing and ice formation on the day in question. But a meteorologist's affidavit of general weather conditions, including his or her opinion that ice could have formed under the conditions at the time of the accident, does not permit a reasonable inference that the defendant had constructive notice of ice. *Altairi v Alhaj*, 235 Mich App 626, 640; 599 NW2d 537 (1999). "Insofar as plaintiff seeks to use general knowledge of local

weather conditions to show that defendant should have known that ice [had accumulated], the same knowledge can be imputed to plaintiff." *Id*. Moreover, it would be unreasonable to assign to defendant a duty to inspect every inch of its lot for black ice when even plaintiff admits that the ice was not visible upon casual examination. Quite simply, plaintiff has offered no evidence that defendant knew of the ice, received complaints about the ice from other customers, or could have seen the ice upon inspection. There was no question of fact concerning defendant's knowledge in this case. See *id*. at 640-641. The record demonstrates that defendant did not know about the black ice and would not have discovered it through the exercise of reasonable care.

We note that, unlike the situation in *Hoffner*, 492 Mich at 464-465, the ice in the present case was not necessarily an open and obvious danger because no precipitation was falling at the time, there was no snow on the ground, and the ice was not objectively observable for all to see. Indeed, black ice, by nature, is difficult to observe because it is a thin layer of ice that can be transparent. See *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 483; 760 NW2d 287 (2008). However, even in the absence of any accumulated snow or precipitation at the time of the accident, plaintiff is a longtime Michigan resident and should have recognized the potential for icy conditions on a freezing, mid-December day. See, e.g., *Buhalis v Trinity Continuing Care Services*, 296 Mich App 685, 695; 822 NW2d 254 (2012); *Corey v Davenport College of Business (On Remand)*, 251 Mich App 1, 5; 649 NW2d 392 (2002). While a premises possessor owes a duty to exercise reasonable care to protect invitees from unreasonable risks of harm, "invitees have a concurrent and important duty to 'take reasonable care for their own safety.'" *Buhalis*, 296 Mich App at 695, quoting *Bertrand v Alan Ford, Inc*, 449 Mich 606, 616-617; 537 NW2d 185 (1995). The possibility of black ice was actually known to plaintiff, and a reasonably prudent person in her position would have foreseen the risk of slipping. *Buhalis*, 296 Mich App at 695.

Defendant owed no duty to protect plaintiff from a dangerous condition of which it neither knew nor should have known. *Prebenda*, 245 Mich App at 169. We conclude that there were no triable issues of material fact and that the circuit court properly granted summary disposition in favor of defendant pursuant to MCR 2.116(C)(10).

In light of the foregoing conclusions, we need not address the alternative arguments raised by the parties on appeal.

Affirmed. Defendant, as the prevailing party, may tax its costs pursuant to MCR 7.219.


/s/ Michael J. Riordan
/s/ Kathleen Jansen
/s/ Karen M. Fort Hood