*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DEBRA ACEVES and ALFONSO ACEVES,

        Plaintiffs-Appellants,

v

WESTERS FAMILY VINEYARD AND WINERY LLC and BLACK BARN VINEYARD AND WINERY LLC,

        Defendants-Appellees.

UNPUBLISHED
December 23, 2025
12:16 PM

No. 372956
Jackson Circuit Court
LC No. 23-002452-NO

Before: K. F. KELLY, P.J., and MARIANI and ACKERMAN, JJ.

PER CURIAM.

In this premises-liability action, plaintiffs, Debra Aceves and Alfonso Aceves, appeal by right the trial court's order granting summary disposition in favor of defendants, Westers Family Vineyard and Winery LLC and Black Barn Vineyard and Winery LLC.[1] Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case arises out of a slip-and-fall incident where plaintiff fell down a flight of stairs. Defendants operate a barn wedding venue owned by Wendy Westers and Lloyd Westers. Lloyd, a licensed builder, constructed the barn in 2016. The venue has an outdoor area with an upper deck and lower deck that are connected by a wooden set of stairs. Each stair tread consists of two wooden boards with a gap in the middle—approximately ⅛-inch to ¼-inch wide—to allow for drainage.

---

[1] Plaintiffs are a married couple. Alfonso seeks loss-of-consortium damages, which are contingent upon Debra's recovery of damages. See *Wesche v Mecosta Co Rd Comm*, 267 Mich App 274, 279; 705 NW2d 136 (2005) (noting that a loss-of-consortium claim is derivative), aff'd 480 Mich 75 (2008). For ease of reference, this opinion uses the singular term "plaintiff" to refer to Debra.

On June 4, 2022, plaintiff attended a wedding hosted on defendants' premises. While attempting to make a phone call, plaintiff began to descend the stairs from the venue's upper deck to the lower deck. On the first or second step, plaintiff felt her shoe get stuck, and subsequently fell down the staircase. She sustained severe injuries as a result of the fall. At the time, plaintiff was wearing high-heeled shoes with a ½-inch diameter at the base of the heel.

In September 2023, plaintiff sued defendants, asserting claims for ordinary negligence and premises liability. Defendants eventually moved for summary disposition under MCR 2.116(C)(8) and (10). In her response, plaintiff conceded that her claim for ordinary negligence was subject to dismissal under MCR 2.116(C)(8), but maintained that genuine issues of material fact precluded summary disposition of her premises-liability claim. Following a hearing, the trial court granted defendants' motion for summary disposition, reasoning that plaintiff failed to establish a genuine issue of material fact regarding causation and whether the stairs posed an unreasonable risk of harm. This appeal ensued.

## II. STANDARDS OF REVIEW

We review a trial court's decision on a motion for summary disposition de novo. *Chisholm v State Police*, 347 Mich App 646, 651-652; 16 NW3d 563 (2023). While defendants moved for summary disposition under MCR 2.116(C)(8) and (10), on appeal, plaintiff contests only the trial court's grant of summary disposition under MCR 2.116(C)(10). "A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the claim and is properly granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Chisholm*, 347 Mich App at 652. "A genuine issue of material fact exists when the record leaves open an issue on which reasonable minds might disagree." *Id*. On review, this Court "consider[s] the documentary evidence in the light most favorable to the nonmovant." *Id*.

## III. ANALYSIS

Plaintiff argues that the trial court erred by granting defendants' motion for summary disposition because she established a genuine issue of material fact regarding causation and whether defendants breached their duty of care to her as an invitee. We conclude that the trial court properly granted defendants' motion for summary disposition because plaintiff failed to establish a genuine factual dispute regarding the element of breach.

"In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Sanders v Perfecting Church*, 303 Mich App 1, 4; 840 NW2d 401 (2013) (quotation marks and citation omitted). "The duty owed to a visitor by a landowner depends on whether the visitor was a trespasser, licensee, or invitee at the time of the injury." *Id*. Plaintiff, as a wedding guest at defendants' venue, was an invitee at the time she was injured. See *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95, 111; 1 NW3d 44 (2023) ("Generally speaking, invitee status is commonly afforded to persons entering upon the property of another for business purposes.") (quotation marks and citation omitted). As such, defendants owed plaintiff "a duty 'to exercise reasonable care to protect [her] from an unreasonable risk of harm caused by a dangerous condition of the land.' " *Id*. at 112, quoting *Bertrand v Alan Ford, Inc*, 449 Mich 606, 609; 537 NW2d 185 (1995).

"If the plaintiff establishes that the land possessor owed plaintiff a duty, the next step in the inquiry is whether there was a breach of that duty." *Kandil-Elsayed*, 512 Mich at 148. The issue of breach concerns "whether defendants' conduct in the particular case is below the general standard of care . . . ." *Id*. at 112 (quotation marks and citations omitted). Whether a premises possessor breached its duty is ordinarily a question of fact for the jury, but if "the evidence presented to a court concerning breach generates no questions of fact, the issue can be decided by the judge as a matter of law." *Id*. at 112 n 2. Accordingly, "if there are no genuine issues of material fact" regarding the element of breach, "a court may properly grant summary disposition under MCR 2.116(C)(10)." *Id*. at 148 n 28.

As noted, the element of breach was one basis on which defendants moved for summary disposition of plaintiff's claim. Under the burden-shifting framework of MCR 2.116(C)(10),

> [T]he moving party has the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence. The burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists . . . . If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted. [*Quinto v Cross & Peters Co*, 451 Mich 358, 362-363; 547 NW2d 314 (1996) (citations omitted).]

"[A] party opposing a motion for summary disposition must present more than conjecture and speculation to meet its burden of providing evidentiary proof establishing a genuine issue of material fact." *Meisner Law Group PC v Weston Downs Condo Ass'n*, 321 Mich App 702, 723; 909 NW2d 890 (2017) (quotation marks and citation omitted); see also *Skinner v Square D Co*, 445 Mich 153, 174; 516 NW2d 475 (1994) ("We recognize that motions for summary judgment implicate considerations of the jury's role to decide questions of material fact. At the same time, however, litigants do not have any right to submit an evidentiary record to the jury that would allow the jury to do nothing more than guess.").

In their motion for summary disposition, defendants argued that plaintiff could not prove that the stairs were a "condition [that] posed an unreasonable risk of harm," and supported their claim with documentary evidence. Defendants attached photographs showing that the stairs were in good condition and deposition testimony from plaintiff acknowledging that the stairs "appeared to be safe and okay to go down[.]" Defendants also presented testimony from Wendy that the venue did not have any issues with the stairs over the course of approximately 135 weddings. In response, plaintiff argued that defendants breached their duty "by failing to appreciate the danger of a quarter-inch gap in stair 'tread' boards . . . at venue that hosts up to 50 weddings per year that would have countless guests wearing high heel shoes." The only evidence that plaintiff presented in support of this assertion was testimony from Lloyd that the size of the gap between the boards was "an eighth inch to a quarter inch" and testimony from Wendy estimating the number of weddings that defendants hosted each year.

Plaintiff asserts that the stairs posed an unreasonable risk of harm because there was a gap between the wooden boards of each stair tread, which purportedly caught her heel and caused her to fall. Even taking those factual assertions as true, however, plaintiff presented no evidence from which a factfinder could conclude that the gap between the boards posed an unreasonable risk of harm, such that defendants could be held liable for failing to protect her from it. As our Supreme Court has recognized, "ordinary steps" do not pose an unreasonable risk of harm simply because they are not " 'foolproof,' " *Bertrand*,

449 Mich at 616-617,[2] and plaintiff wholly failed to substantiate the notion that the steps at issue in this case were anything but ordinary or that the risk they posed was unreasonable. For example, plaintiff could have presented evidence that the gap between the boards was designed abnormally or defectively, or that it would be standard practice to take protective measures with respect to the gap in light of defendants' operation as a wedding venue. The trial court even attempted to elicit evidence on this point, asking whether plaintiff had "a construction standard or an expert to say that th[e] design is unsafe," to which plaintiff responded, "[n]o." While it might conceivably be that defendants' steps fell below the standard of care applicable to defendants as a wedding venue, plaintiff offered no factual basis upon which a jury could ground any such standard or conclusion. All that plaintiff's evidence, taken in the light most favorable to her, showed was that she caught a heel on the gap between the boards while walking down the stairs; the jury cannot simply be left to speculate about whether that accident involved a breach of defendants' standard of care, and there is no evidence from which a factfinder could infer that the mere presence of the gap posed an unreasonable risk of harm. See *Skinner*, 445 Mich at 174; *Meisner Law Group*, 321 Mich App at 723; see also *Bertrand*, 449 Mich at 616-617; *Stefan v White*, 76 Mich App 654, 661; 257 NW2d 206 (1977) ("The mere occurrence of plaintiff's fall is not enough to raise an inference of negligence on the part of defendant.").

While we acknowledge "[t]he default rule that . . . breach is settled by the jury," that rule remains subject to the standards governing summary disposition, and "where the evidence presented to a court concerning breach generates no questions of fact, the issue can be decided by the judge as a matter of law." *Kandil-Elsayed*, 512 Mich at 112 n 2. Given the dearth of evidence to support plaintiff's claim of breach, the trial court did not err by granting summary disposition in this case.[3]

Affirmed. Having prevailed on appeal, defendants may tax costs. MCR 7.219(A).

/s/ Kirsten Frank Kelly
/s/ Philip P. Mariani

---

[2] As our Supreme Court explained in *Kandil-Elsayed*, 512 Mich at 123-124, *Bertrand*'s discussion of this point "mudd[ied] the waters between duty and breach" by suggesting that the open and obvious nature of a dangerous condition may be, at least in part, a question of duty. *Kandil-Elsayed* clarified that such considerations go not to duty, but to breach and comparative fault. See *id*. at 144. In so doing, however, our Supreme Court did not otherwise purport to reject or disrupt the substantive proposition from *Bertrand* cited above or suggest that it cannot properly inform whether there is a genuine factual dispute as to breach.

[3] Having determined that the trial court's grant of summary disposition was proper based on plaintiff's failure to establish a genuine factual dispute regarding the element of breach, we need not address plaintiff's causation arguments. However, assuming there were sufficient evidence as to breach, we would conclude that the evidence presented does raise questions of material fact as to causation.