*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DEBRA ACEVES and ALFONSO ACEVES,

        Plaintiffs-Appellants,

v

WESTERS FAMILY VINEYARD AND WINERY
LLC and BLACK BARN VINEYARD AND
WINERY LLC,

        Defendants-Appellees.

UNPUBLISHED
December 23, 2025
12:16 PM

No. 372956
Jackson Circuit Court
LC No. 23-002452-NO

Before: K. F. KELLY, P.J., and MARIANI and ACKERMAN, JJ.

ACKERMAN, J. (*dissenting*).

In this premises liability case, the majority concludes that plaintiff failed to create a genuine issue of material fact as to breach because she did not provide sufficient evidence that the gap in the stair tread that she tripped on posed an unreasonable risk of harm. I respectfully disagree. Because plaintiff presented evidence from which a reasonable juror could conclude that defendants exposed her to an unreasonable risk of harm, summary disposition was improper, and I would reverse.

As the majority explains, plaintiff Debra Aceves attended a wedding at a barn venue owned and operated by defendants Westers Family Vineyard and Black Barn Vineyard. The venue has two levels connected by wooden stairs, and the tread of each step consists of two boards separated by a gap of approximately ⅛ to ¼ of an inch. Plaintiff was wearing high-heeled shoes when she began descending the stairs and fell, sustaining serious injuries. She alleged that her heel became caught in the gap in one of the stair treads and that the condition posed an unreasonable risk of harm to invitees, particularly those wearing high-heeled shoes. The trial court granted summary disposition to defendants, and the majority affirms, concluding that plaintiff cannot establish that defendants breached a duty owed to her. I respectfully disagree.

It is well established that "[a]ll negligence actions, including those based on premises liability, require a plaintiff to prove four essential elements: duty, breach, causation, and harm." *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95, 111; 1 NW3d 44 (2023). In premises liability cases

involving invitees, "[t]he possessor of land has a duty to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land." *Williams v Cunningham Drug Stores, Inc*, 429 Mich 495, 499; 418 NW2d 381 (1988). Applying these principles at the summary disposition stage requires careful attention to the proper division of responsibility between the court and the jury:

> While the court decides questions of duty, general standard of care and proximate cause, the jury decides whether there is cause in fact and the specific standard of care: whether defendants' conduct in the particular case is below the general standard of care, including—unless the court is of the opinion that all reasonable persons would agree or there is an overriding legislatively or judicially declared public policy—whether in the particular case the risk of harm created by the defendants' conduct is or is not reasonable. [*Moning v Alfono*, 400 Mich 425, 438; 254 NW2d 759 (1977) (footnote omitted).]

Here, there is no dispute over whether defendants owed plaintiff a duty (they did) or over whether plaintiff suffered harm (she did). Moreover, the majority and I agree that plaintiff can show there is a genuine issue of material fact as to causation. The sole question is whether plaintiff has a jury-submissible issue as to breach.

Under *Moning*, a breach occurs when "defendants' conduct in the particular case is below the general standard of care." *Id*. The general standard of care here is straightforward: Defendants were required "to exercise reasonable care to protect [plaintiff] from an unreasonable risk of harm caused by a dangerous condition of the land." *Williams*, 429 Mich at 499. This issue must be submitted to the jury unless "all reasonable persons would agree or there is an overriding legislatively or judicially declared public policy." *Moning*, 400 Mich at 438. There is no assertion that any overriding public policy controls this situation, so the question is whether all reasonable persons would agree. I am not convinced that all reasonable persons would agree and therefore conclude that the issue should be submitted to a jury.

Defendants operated a wedding venue and could reasonably expect that many invitees would wear high-heeled shoes. Stairs with gaps in their treads pose a particular risk to such footwear. Plaintiff testified that she fell after her shoe got stuck while descending the stairs, and her shoe was damaged in a manner consistent with that account. From this evidence, a reasonable juror could conclude that "defendants' conduct . . . [was] below the general standard of care," such that "the risk of harm created by the defendants' conduct . . . [was] not reasonable." *Id*. That is sufficient to survive summary disposition.

The fundamental locus of disagreement between me and the majority is whether plaintiff presented evidence from which a reasonable jury could conclude that the risk was an unreasonable one. The majority claims that "plaintiff presented no evidence from which a factfinder could conclude that the gap between the boards posed an unreasonable risk of harm." In doing so, it relies on *Bertrand v Alan Ford, Inc*, 449 Mich 606; 537 NW2d 185 (1995), which it reads to recognize that " 'ordinary steps' do not pose an unreasonable risk of harm simply because they are not 'foolproof.' " But *Bertrand* is no longer reliable authority for that proposition. When it was decided, the Supreme Court treated the open and obvious nature of a condition as part of the duty inquiry. The Court stated that "the overriding public policy of encouraging people to take

-2-

reasonable care for their own safety precludes *imposing a duty* on the possessor of land to make ordinary steps 'foolproof,' " but "where there is something unusual about the steps, . . . the *duty* of the possessor of land to exercise reasonable care remains." *Id.* at 616-617 (emphasis added). Although *Bertrand* elsewhere spoke in terms of breach and the unreasonableness of the risk of harm, see, e.g., *id.* at 614, that doctrinal ambiguity is precisely why the Supreme Court later observed that *Bertrand* "mudd[ied] the waters between duty and breach." *Kandil-Elsayed*, 512 Mich at 123. Reliance on *Bertrand* therefore leads the majority astray.

After *Kandil-Elsayed*, categorical distinctions such as whether steps are "ordinary" or "unusual" no longer control the analysis in a system governed by comparative fault. The governing principle is simply "the traditional duty owed to invitees: the 'duty to exercise reasonable care to protect [them] from an unreasonable risk of harm caused by a dangerous condition of the land.' " *Id.* at 143, quoting *Williams*, 429 Mich at 499. Categorical distinctions about the condition of the land do not alter this duty, and once a duty exists, plaintiff need only show that a reasonable juror could find that it was breached. "The trier of fact decides whether reasonable precautions have been taken and thereby establishes the specific standard of care." *Moning*, 400 Mich at 448 n 27.

I therefore disagree with the majority's suggestion that plaintiff was required to "present[] evidence that the gap between the boards was designed abnormally or defectively, or that it would be standard practice to take protective measures with respect to the gap in light of defendants' operation as a wedding venue." A court may remove the issue of breach from the jury only if no reasonable juror could conclude that defendants acted unreasonably or that defendants were more at fault than plaintiff. Plaintiff clears that threshold. Contrary to the majority's assertion that "there is no evidence from which a factfinder could infer that the mere presence of a gap poses an unreasonable risk of harm," the gaps here were located in stair treads at a commercial wedding venue operated by defendants. A reasonable juror could conclude that stairs containing gaps of sufficient size to catch a high-heeled shoe posed an unreasonable risk of harm under those circumstances—particularly given the foreseeable use of the stairs by guests wearing such footwear and the heightened danger posed by a fall on stairs due to the change in elevation.

I also disagree that there is any risk of speculation as to this element of plaintiff's negligence action. Under *Moning*, the court instructs the jury as to the general standard of care, and the jury decides whether the defendant's conduct fell below it. That is a value judgment.

> [A] major role for juries in negligence cases is to evaluate the facts to determine whether the defendant was negligent, whether his conduct was a legal cause of the plaintiff's harm, and the amount of damages. The value judgments entailed are quite different from the determination of historical facts. If the plaintiff claims injury resulting when, on a dark night, she bumped into a face-level box attached to a utility pole, the jury must first determine whether defendant attached such a box to the pole, how high it was, and whether the plaintiff in fact bumped into it. Those are questions of historical fact. Once those historical facts are determined, the jury must go further and decide whether the defendant's conduct amounted to the negligent creation of an unreasonable risk. *For this there is no conclusive legal guide except the standard of the reasonable and prudent person. It is the jury's job to make a judgment whether the defendant's conduct met that standard.* [1 Dobbs,

Hayden & Bublick, Torts (2d ed), § 163, p 525 (emphasis added; footnotes omitted).]

While courts must guard against inviting juries to speculate as to historical facts, I am aware of no authority—and the majority cites none[1]—suggesting that "speculation" is a concern when juries make the normative judgment as to whether a risk was unreasonable. The only question is whether a reasonable juror could conclude that the dangerous condition posed an unreasonable risk of harm. Although "[t]he mere occurrence of plaintiff's fall is not enough to raise an inference of negligence on the part of defendant," *Stefan v White*, 76 Mich App 654, 661; 257 NW2d 206 (1977), the only inference plaintiff asks the jury to draw is whether her shoe heel was caught in the stair tread, rather than that she tripped for some other reason.

To say that a reasonable juror *could* find breach is not to say that they *must*. A jury might well find that plaintiff bore greater responsibility for her injury by choosing to navigate rustic wooden stairs in high-heeled shoes or by failing to observe the condition of the stair treads. That might even be my own assessment were I sitting as a juror. But that is not the role of this Court at summary disposition. That judgment belongs to a jury of Jackson County residents, because "the jury's judgment of what is reasonable under the circumstances of a particular case is more likely than the judicial judgment to represent the community's judgment of how reasonable persons would conduct themselves." *Moning*, 400 Mich at 436.

Because plaintiff presented evidence from which reasonable minds could differ on whether defendants breached their duty, summary disposition was improper. I would reverse and remand, and I respectfully dissent.

/s/ Matthew S. Ackerman

---

[1] The cases cited by the majority involve speculation as to historical facts, not normative judgments about the reasonableness of a risk. In *Skinner v Square D Co*, 445 Mich 153, 173; 516 NW2d 475 (1994), the "[p]laintiffs' expert testimony did not sufficiently establish causation." In *Stefan v White*, 76 Mich App 654, 661; 257 NW2d 206 (1977), the "plaintiff's husband did not see [her fall]," and while he submitted an affidavit suggesting that she tripped on a metal strip, "[o]nly conjecture" supported that conclusion. And in *Meisner Law Group PC v Weston Downs Condo Ass'n*, 321 Mich App 702, 720; 909 NW2d 890 (2017), the "plaintiff . . . could not create a question of fact, that its claim . . . could exceed the $25,000 jurisdictional limit of the circuit court," i.e., the historical fact of damages.